**CARR, Law Dir., Appellant,**

v.

**RIDDLE, Appellee.**

[Cite as *Carr v. Riddle* (2000), 136 Ohio App.3d 700.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 75666.

Decided Feb. 14, 2000.

■

*Leonard F. Carr,* Director of Law, and *L. Bryan Carr,* Assistant Director of Law, Mayfield Hts., for appellant.

*Richard D. Eisenberg,* for appellee.

---

JAMES M. PORTER, Judge.

Plaintiff-appellant Leonard F. Carr, Director of Law on behalf of the city of Mayfield Heights, Ohio, appeals from the dismissal pursuant to Civ.R. 12(B)(6) entered on behalf of defendant-appellee Lindell V. Riddle, which holds that defendant is not a vexatious litigator within the meaning of newly enacted R.C. 2323.52 and the award of attorney fees as sanctions for filing a frivolous complaint under Civ.R. 11. We affirm in part and reverse and vacate in part for the reasons hereinafter stated.

On July 1, 1998, the plaintiff, Leonard F. Carr, Director of Law on behalf of the city of Mayfield Heights, Ohio, filed a complaint pursuant to newly enacted R.C. 2323.52 (eff. March 18, 1997) against the defendant, alleging that defendant was a vexatious litigator within the meaning of the statute and describing various litigations or proceedings in which defendant had participated.

On August 17, 1998, defendant filed his motion to dismiss for failure to state a claim plus a motion for Civ.R. 11 sanctions, including attorney fees, against plaintiff.

Following additional pleadings and supplemental filings, on October 2, 1998, the trial court held a hearing on defendant's motions, a copy of which transcript is in the record before us.

By journal entry, on November 17, 1998, the trial court entered its order and decision granting defendant's motion to dismiss and awarding attorney fees and costs as sanctions for violation of Civ.R. 11 by the plaintiff.

On November 30, 1998, defendant's counsel filed an affidavit with respect to his alleged fees incurred. Determination of the amount of fees has apparently been held in abeyance pending this appeal. A timely appeal to this court ensued.

Plaintiff's three assignments of error state as follows:

"I. The trial court erred in granting the appellee's motion to dismiss."

The standard of review for a dismissal pursuant to Civ.R. 12(B)(6) was stated by this court in *Thompson v. Cent. Ohio Cellular, Inc.* (1994), 93 Ohio App.3d 530, 538, 639 N.E.2d 462, 467:

■ "A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. *State ex rel.*

*Hanson v. Guernsey Cty. Bd. Of Commrs.* (1992), 65 Ohio St.3d 545, 605 N.E.2d 378. It is well settled that 'when a party files a motion to dismiss for failure to state a claim, all the factual allegations of the complaint must be taken as true and all reasonable inferences must be drawn in favor of the non-moving party.' *Byrd v. Faber* (1991), 57 Ohio St.3d 56, 60, 565 N.E.2d 584, 589, citing *Mitchell v. Lawson Milk Co.* (1988), 40 Ohio St.3d 190, 192, 532 N.E.2d 753, 756. However, while the factual allegations of the complaint are taken as true, the same cannot be said about unsupported conclusions. 'Unsupported conclusions of a complaint are not considered admitted, * * * and are not sufficient to withstand a motion to dismiss * * * ' (Citations omitted.) *State ex rel. Hickman v. Capots* (1989), 45 Ohio St.3d 324, 544 N.E.2d 639. * * * In order for a court to grant a motion to dismiss for failure to state a claim, it must appear 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' *O'Brien v. Univ. Community Tenants Union, Inc.* (1975), 42 Ohio St.2d 242, 245, 327 N.E.2d 753, 755." (Citations omitted in the original.)

■ We agree with the trial court that the so-called "vexatious litigations" upon which plaintiff relied do not fall within the parameters of the vexatious litigator statute, R.C. 2323.52, which states as follows:

"(A)(3) 'Vexatious litigator' means any person who has habitually, persistently, and without reasonable grounds engaged in vexatious conduct in a civil action or actions, whether in the court of claims or in a court of common pleas, municipal court, or county court, whether the person or another person instituted the civil action or actions, and whether the vexatious conduct was against the same party or against different parties in the civil action or actions. 'Vexatious litigator' does not include a person who is authorized to practice law in the courts of this state under the Ohio Supreme Court rules for the Government of the Bar of Ohio unless that person is representing or has represented self *pro se* in the civil action or actions.

"(B) A person, the office of the attorney general, or a prosecuting attorney, city director of law, village solicitor, or similar chief legal officer of a municipal corporation who has defended against habitual and persistent vexatious conduct in the court of claims or in a court of common pleas, municipal court, or county court may commence a civil action in a court of common pleas with jurisdiction over the person who allegedly engaged in the habitual and persistent vexatious conduct to have that person declared a vexatious litigator. The person, office of the attorney general, prosecuting attorney, city director of law, village solicitor, or similar chief legal officer of a municipal corporation may commence this civil action while the civil action or actions in which the habitual and persistent vexatious conduct occurred are still pending or within one year after the termination of the civil action or actions in which the habitual and persistent vexatious conduct occurred."

■ It clearly appears that the vexatious litigation to which the statute has reference is aimed at proceedings "in the court of claims, or in a court of common pleas, municipal court or county court" and does not apply to federal cases, cases between other parties or legislative and administrative proceedings. See *Cent. Ohio Transit Auth. v. Timson* (1998), 132 Ohio App.3d 41, 724 N.E.2d 458 unreported ("either federal cases or conduct occurring in cases that date prior to the effective date of the act * * * cannot be used as evidence to support a finding that appellant is a vexatious litigator").

Accordingly, we agree with the trial court that plaintiff's complaint failed to state a claim for which the trial court could grant relief as a matter of law.

Assignment of Error I is overruled.

"II. The trial court erred in refusing to allow the appellant to introduce and play a tape of the appellee's propensities for vexatious litigation."

Given our disposition of Assignment of Error I, we find no prejudice to plaintiff in the trial court's exclusion of a video tape designed to show misconduct of the defendant outside the precincts of the various lower courts referenced in the statute.

Assignment of Error II is overruled.

"III. The trial court erred in granting appellee's motion for Rule 11 sanctions/attorney fees."

Civ.R. 11 states:

"Every pleading, motion, or other paper of a party represented by an attorney shall be signed by at least one attorney of record in the attorney's individual name, * * *. The signature of an attorney * * * constitutes a certificate by the attorney or party that the attorney or party has read the document; that to the best of the attorney's * * * knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. * * * For a willful violation of this rule an attorney * * *, upon motion of a party or upon the court's own motion, may be subjected to appropriate action, including an award to the opposing party of expenses and reasonable attorney fees incurred in bringing any motion under this rule. * * *"

The standards of review in determining whether Civ.R. 11 is properly invoked were recently stated as follows in *Burns v. Henne* (1996), 115 Ohio App.3d 297, 302, 685 N.E.2d 294, 297:

■ "As both parties properly note, a trial court's ruling on a motion to impose sanctions will not be disturbed absent an abuse of discretion. *State ex rel. Fant v. Sykes* (1987), 29 Ohio St.3d 65, 29 OBR 446, 505 N.E.2d 966. However, a trial court cannot exercise its discretion to impose sanctions unless it

first finds a violation of Civ.R. 11. Whether there are good legal grounds to support a complaint when the underlying facts are not in dispute is a question of law for which an appellate court need not defer to the trial court. See, generally, *Passmore v. Greene Cty. Bd. of Elections* (1991), 74 Ohio App.3d 707, 712, 600 N.E.2d 309, 313–314."

These principles are consistent with our own precedent.

"The question of whether a pleading is warranted under existing law or can be supported by a good faith argument for an extension, modification or reversal of existing law is a question of law to be reviewed *de novo.*" *Toth v. Toth* (1994), 94 Ohio App.3d 561, 565, 641 N.E.2d 254, 257. The city contends that it had a right to pursue a vexatious litigator action against Riddle based on his previous conduct which impacted the city and its officials. In short, the city claims that it acted in the public interest to forestall Riddle from taking action which would prove to be frivolous and harmful to the city.

Given this background, we do not find in the case *sub judice* that the violation was wilful. The city law director testified at the hearing that based on what occurred in the federal case brought by defendant against the city of Mayfield Heights, he was simply trying to bring a halt to a waste of time and money on behalf of the city in having to defend another frivolous suit brought by the defendant. Although the law director was mistaken in presuming that he could rely on the frivolous federal case, we find no animus in this conduct. Furthermore, there is no proof on the record that he brought the complaint as means to delay the motion to perpetuate evidence that the defendant filed in another proceeding. In fact, there is no evidence that plaintiff's complaint delayed that matter whatsoever. *Haubeil & Sons Asphalt & Materials, Inc. v. Brewer & Brewer Sons, Inc.* (1989), 57 Ohio App.3d 22, 23, 565 N.E.2d 1278, 1279 ("While the record below reveals appellants, for whatever reasons and to whatever degree, were mistaken in their belief that the complaint they filed was supported by good ground, we do not believe the record contains sufficient evidence to prove appellants signed a pleading they knew to be false or which they interposed for delay.")

We also note that the "vexatious litigator" statute is relatively new and, at the time the city brought its action, there were no appellate rulings which shed light on its interpretation. We are hesitant to punish such actions in the face of a newly enacted statute. *Belfiore v. Natl. Eng. & Contr. Co.* (Sept. 10, 1992), Cuyahoga App. No. 62896, 1992 WL 219185, unreported ("[A]ppellee sought the extension of coverage of a relatively new statute, R.C. 4113.52. That statute has very little case history * * * we conclude that the trial court did not abuse its discretion in denying the appellant's motion for sanctions.") We also find that filing a pleading based on a misinterpretation of existing law or grounds

for extension or modification thereof, however misguided in hindsight, does not rise to the level of willfulness necessary to warrant sanctions. *Ceol v. Zion Industries, Inc.* (1992), 81 Ohio App.3d 286, 291, 610 N.E.2d 1076, 1078–1079 (plaintiff's filing of complaint based on misinterpretation of state law did not constitute willfulness under Civ.R. 11); *State ex rel. Ward v. Lion's Den* (Nov. 25, 1992), Ross App. No. 1867, unreported, 1992 WL 487197 ("the inclusion of appellant as a defendant in a nuisance abatement complaint based upon the language of R.C. 3767.02, although ultimately erroneous, does not in and of itself demonstrate as a legal matter that appellee violated Civ.R. 11"). We are not unmindful of the chilling effect applying the sanction remedy can have upon zealous advocacy brought ostensibly in the public interest. We therefore find the trial court abused its discretion in imposing sanctions on the plaintiff.

Assignment of Error III is sustained.

Judgment dismissing the complaint is affirmed; the order granting Civ.R. 11 sanctions is reversed and vacated.

*Judgment accordingly.*

DYKE, A.J. and TIMOTHY E. MCMONAGLE, J., concur.