JOURNAL ENTRY AND OPINION
{¶ 1} This is an appeal and cross-appeal from an order of Domestic Relations Judge Kathleen O'Malley that overruled objections to a magistrate's decision and entered judgment on several motions, including the motion of appellant/cross-appellee, Edward G. Southworth, for relief from judgment concerning interest owed to his former wife, Julie A. Southworth nka McKenzie, on a Qualified Domestic Relations Order ("QDRO") and the parties' competing motions to modify spousal support and for attorney's fees. Southworth claims the judge erred in awarding more than the statutory rate of interest on the QDRO and in increasing the monthly award of support instead of reducing it, whereas McKenzie claims the increased award was too little. We affirm.
 {¶ 2} In 1997, Judge Christine McMonagle granted the Southworths a divorce, divided their property, and awarded McKenzie spousal support of $4,200 per month. Both parties appealed. This court reversed the judgment in part, finding the property division erroneously included some of Southworth's separately owned assets.[1]
 {¶ 3} On February 16, 1999, McKenzie filed a motion to modify the award of spousal support, alleging that Southworth's income had increased since the initial award and that he could now afford to pay additional support. She requested a modification to correct a monthly shortfall of $205 between the amount originally ordered and the amount she needed to cover reasonable expenses. The original magistrate's decision of March 10, 1997, adopted by the judge in the October 20, 1997 judgment, noted the shortfall in the support award but found that Southworth, at the time, was unable to pay more. McKenzie also argued that her expenses had reasonably increased and that she was entitled to a greater award in order to maintain her standard of living. Responding with his own motion to modify spousal support, Southworth claimed that the award should be reduced because McKenzie's income had increased and her tax liability was less than originally estimated.
 {¶ 4} Following our remand of Southworth I, Judge O'Malley, who had taken over Judge McMonagle's docket, revised the property division award by reducing McKenzie's share of Southworth's retirement account. The order, issued March 3, 1999, awarded McKenzie "a total of [$169,923] from the United Airlines Pilots Directed Account, upon which judgment shall issue." On April 15, 1999, the judge issued a QDRO for the retirement account that awarded McKenzie $169,923 "plus any interest and investment earnings or losses attributable thereon for periods subsequent to August 1, 1996, until the date of total distribution." Neither party appealed this order, but Southworth filed a motion for relief from judgment on March 30, 2000, claiming that he believed the account administrator would allow McKenzie to obtain interest only on her share of the account at money market rates, and that the administrator had only recently reversed its position and agreed to apportion the account's actual earnings to McKenzie's share.
 {¶ 5} The various motions were heard by Magistrate Janet Evangelista, whose July 31, 2001 decision granted McKenzie's motion to increase support and denied the others. Both parties objected. The judge overruled the objections, adopted the decision, and entered judgment increasing McKenzie's monthly support to $4,350.
 {¶ 6} The first of Southworth's three assignments of error states:
 {¶ 7} "I. The trial court abused its discretion when it denied the former husband's motion for relief from judgment, thereby affirming a qualified domestic relations order containing ambiguous language and is not consistent with the language of the final decree."
 {¶ 8} Although both parties objected to the magistrate's decision, neither filed a transcript of the hearing with the judge. The magistrate's factual findings, therefore, are accepted as true and our review is limited to determining whether the judge abused her discretion in applying the law to those facts.[2] To obtain relief from judgment under Civ.R. 60(B), a party must demonstrate: (1) the existence of a meritorious defense, (2) entitlement to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5), and (3) that the motion for relief was filed within a reasonable time.[3]
 {¶ 9} The magistrate found that Southworth's motion was untimely because it was an improper attempt to raise an issue that should have been raised on appeal. Although Southworth claimed that he did not appeal because he believed the plan administrator would interpret the QDRO to allow interest at a lower rate, the magistrate found that the administrator did not notify Southworth of its initial position until June 21, 1999, at which point the deadline for appealing the April 15, 1999 QDRO had already expired. Based on this evidence, the magistrate could reasonably conclude that Southworth failed to appeal regardless of the administrator's position on awarding interest and that his motion failed to satisfy any of the grounds stated in Civ.R. 60(B).
 {¶ 10} He also contends, however, that the QDRO goes beyond the terms authorized in the March 3, 1999 judgment entry, and thus was entered without subject matter jurisdiction. A party is entitled to challenge the judge's subject matter jurisdiction at any time by invoking the court's inherent authority to vacate a void judgment.[4]
 {¶ 11} Through the QDRO judges are authorized to resolve an ambiguity in their decrees, but the QDRO may not modify the judgment entry authorizing it.[5] In the case at bar, Southworth argues that the March 3, 1999 entry authorized an award of $169,923 only, exclusive of interest. Thus, he claims, the only interest available on the sum is postjudgment interest at the rate of 10% annually under R.C. 1343.03, and that the judge had no jurisdiction to apportion the account's earnings in the QDRO. R.C. 1343.03(A) states:
 {¶ 12} "In cases other than those provided for in sections 1343.01
and 1343.02 of the Revised Code, when money becomes due and payable upon any bond, bill, note, or other instrument of writing, upon any book account, upon any settlement between parties, upon all verbal contracts entered into, and upon all judgments, decrees, and orders of any judicial tribunal for the payment of money arising out of tortious conduct or a contract or other transaction, the creditor is entitled to interest at the rate of ten per cent per annum, and no more, unless a written contract provides a different rate of interest in relation to the money that becomes due and payable, in which case the creditor is entitled to interest at the rate provided in that contract."
 {¶ 13} Because the money was to be distributed from Southworth's retirement account, the March 3, 1999 judgment was, in effect, subject to a contract that "provides a different rate of interest in relation to the money that becomes due and payable[.]" The judge ruled that McKenzie's share became "due and payable" on August 1, 1996 and, because it remained in the retirement account since that time, it earned interest at the rate earned by the account during that period. Therefore, the interest terms of the QDRO were authorized by R.C. 1343.03(A) and did not have to be expressly set forth in the March 3, 1999 judgment entry in order to be enforceable. The first assignment is overruled.
 {¶ 14} His second and third assignments state:
 {¶ 15} "II. The trial court abused its discretion in denying the former husband's motion to modify spousal support because it failed to consider all of the income available to the former wife and failed to consider her decreases in expenses.
 {¶ 16} "III. The trial court abused its discretion and ruled against the manifest weight of the evidence in granting the former wife's motion for increase in spousal support to an amount greater than the standard of living established during the marriage."
 {¶ 17} These assignments raise similar legal and factual issues concerning the competing motions to modify spousal support. A judge has discretion to modify an award of spousal support, and we will not reverse absent an abuse of that discretion.[6] When addressing such motions, the judge must determine whether either party has had a change of circumstance, and whether such change requires modification of the support award.[7]
 {¶ 18} Southworth contends that the judge failed to consider his former wife's increased income in determining her need for additional support, and also claims the judge unreasonably allowed her a monthly income tax expense of $1,383.33 despite documentary evidence showing that her actual tax liability was significantly less. We disagree because the magistrate's decision did recognize and consider McKenzie's increased income, which was attributable to a retirement annuity she had elected to receive. The claim also lacks merit because no transcript was filed with the judge and, therefore, no record from which to review factual claims. Southworth's claims concerning his former wife's tax liability, which raise wholly factual issues, are waived.[8]
 {¶ 19} Southworth also contends that the interest earned on the $169,923 QDRO should have been attributed as income to McKenzie and used to decrease his support obligation. As noted in Southworth I, however, her portion of the pension account was intended as part of the property division and to provide her with retirement income. Although he claims that she is already retired and that the interest income should be attributed to her, she has yet to take any distribution from this account or its interest because the money was not even available to her until the judge entered the order on appeal here.[9] Whether income from this account should be used to decrease the support obligation in the future is not at issue here; we decide only that the funds are not currently attributable to her. The second and third assignments are overruled.
 {¶ 20} The first and second of McKenzie's four assignments of error on cross-appeal state:
 {¶ 21} "I. The trial court erred by finding that the appellee/cross-appellant's food expense was $288 per month instead of $325.00 per month.
 {¶ 22} "II. The trial court erred by determining that the cross-appellant had voluntarily increased her monthly expenses by $1,390.00."
 {¶ 23} McKenzie claims that she submitted an expense affidavit that included monthly charges of $1071.10 for her mortgage payment, $288 monthly for property taxes, and $325 monthly for food. The magistrate's decision allowed $1,359 monthly for the mortgage payment and $288.00 for food. She claims the magistrate correctly added the mortgage and property taxes to reach $1,359, but the decision mistakenly allowed only $288.00 in food expense instead of the $325 requested because the property taxes and food expenses were listed on consecutive lines in her affidavit. In her second assignment she claims the magistrate erred in finding that she had failed to account for $14,000 of the $31,509.38 she received from the employee stock ownership plan in 1999, and in concluding that she could have used those funds to pay a claimed monthly expense of $1,390 for delinquent income taxes. As with Southworth's appeal, however, her failure to file the transcript and exhibits with the judge prevents our review of these factual findings.[10] Her first and second assignments are overruled.
 {¶ 24} Her third assignment states:
 {¶ 25} "III. The magistrate's basis for calculating the change in spousal support was in error."
 {¶ 26} McKenzie claims the judge erred in failing to account for a $205.00 monthly shortfall between the original support award and her monthly expenses and, therefore, failed to increase her support by the amount necessary. The magistrate's decision calculated her increased support award as follows:
 {¶ 27} "Plaintiff has established that her expenses have increased since the prior order from $5,246.00 to $6,341.15. Moreover, the Plaintiff is presently receiving an additional $975.00 per month from a pension. Thus, the increase in Plaintiff's expenses of $1,095.00 per month is offset by her receipt of the monthly pension award of $975.00 leaving her with a shortfall of approximately $120.00 per month."
 {¶ 28} McKenzie's argument in support of her motion to increase the support award specifically noted the original shortfall and alleged that Southworth's increased income now allowed him to provide sufficient support to satisfy her reasonable expenses. Although the magistrate's decision allowed only the difference between the original support award and McKenzie's current expenses, because we cannot consider the transcript[11] we are unable to determine whether some evidence at the hearing induced her to reject the request to remedy the original shortfall. Under the circumstances we presume regularity,[12] and her third assignment is overruled.
 {¶ 29} Her fourth assignment states:
 {¶ 30} "IV. The magistrate erred by denying the appellee/cross-appellant's motion for attorney fees incurred as a result of the appellant's motion for relief from judgment."
 {¶ 31} McKenzie contends that Southworth's Civ.R. 60(B) motion was frivolous and that she is entitled to attorney's fees under R.C. 2323.51
and Civ.R. 11.[13] She argues that the motion was baseless because Southworth did not file a direct appeal and his claims of newly discovered evidence were disingenuous. We will not reverse the judge's denial of attorney's fees absent an abuse of discretion, although whether a motion has adequate legal support is a question of law we review de novo.[14]
 {¶ 32} Despite the ultimate disposition of Southworth's motion, nothing in the magistrate's decision suggests that it was made in bad faith or was utterly lacking in legal or factual support. The magistrate denied his motion but did not cite evidence that it was wholly lacking in factual support. Similarly, we find that the motion was not utterly lacking in legal support. Although his argument was unsuccessful, Southworth reasonably challenged the judge's authority to grant interest in the QDRO when the judgment entry authorizing the order did not expressly allow it. McKenzie has cited no law suggesting that such an argument is legally unsupportable. The fourth assignment is overruled.
Judgment affirmed.
It is ordered that appellee shall recover of appellant costs herein taxed.
The court finds that there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court, Domestic Relations Division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, J., AND DIANE KARPINSKI, J., CONCUR.
[1] Southworth v. Southworth (Dec. 24, 1998), Cuyahoga App. No. 73525 (Southworth I"). The caption of this case erroneously states Southworth's first name as "Howard."
[2] Civ.R. 53(E)(3)(b); State ex rel. Duncan v. Chippewa Twp.Trustees, 73 Ohio St.3d 728, 730, 1995-Ohio-272, 654 N.E.2d 1254.
[3] GTE Automatic Elec., Inc. v. ARC Industries, Inc. (1976),47 Ohio St.2d 146, 1 O.O.3d 86, 351 N.E.2d 113, paragraph two of the syllabus.
[4] Patton v. Diemer (1988), 35 Ohio St.3d 68, 518 N.E.2d 941, paragraphs three and four of the syllabus.
[5] McKinney v. McKinney (2001), 142 Ohio App.3d 604, 608-609,756 N.E.2d 694.
[6] Kucmanic v. Kucmanic (1997), 119 Ohio App.3d 609, 612,695 N.E.2d 1205.
[7] Id. at 613; R.C. 3105.18(E).
[8] Civ.R. 53(E)(3)(b); State ex rel. Duncan, supra.
[9] The judge's order also discontinued a stay that prevented enforcement of the QDRO pending the ruling on the motion for relief from judgment.
[10] State ex rel. Duncan, supra.
[11] Although the parties filed a transcript as part of the appeal, we cannot consider it because they failed to provide it to the judge prior to her ruling on the objections. Civ.R. 53(E)(3)(b); State ex rel.Duncan, supra.
[12] Kucmanic, 119 Ohio App.3d at 614-615.
[13] She did not request fees under R.C. 3105.18(H).
[14] Carr v. Riddle (2000), 136 Ohio App.3d 700, 704-705,737 N.E.2d 976.