JOURNAL ENTRY AND OPINION
{¶ 1} Debtor Larry Lomaz appeals the trial court's order that he transfer stock in three corporations to creditor Huntington National Bank in satisfaction of a debt.
 {¶ 2} The history of this matter extends far and wide. On March 27, 2000, creditor obtained two cognovit judgments for a debt whose principal totaled $536,904.37. Creditor has since failed, despite numerous efforts, to collect its judgment. Dissatisfied with its previous collection efforts, creditor in 2005 filed three motions for orders for aid in execution of the judgments. The motions specifically requested that debtor be ordered to transfer 100% ownership in three corporations to creditor.[1] Creditor further requested that, if no stock existed, debtor issue shares in blank representing 100% ownership in each of the three corporations and give these shares to creditor. Creditor's motion further proposed that if debtor failed to comply within ten days of the order, the court would order certificates to be issued.
 {¶ 3} Debtor never responded to creditor's motion. On July 5, 2005, the trial court granted the motion and ordered debtor to turn over stock certificates representing full ownership in the corporations to creditor. The order further provided that if debtor failed to transfer the certificates within ten days, the clerk of courts was to issue the certificates in blank and give them to creditor.
 {¶ 4} Ten days later, debtor filed an "Objection to Orders in Aid of Execution." Creditor responded, arguing that debtor's objection was improper and that debtor waived any objections to the order by failing to raise such objections while creditor's motion was before the court. The trial court did not rule on debtor's objection, and debtor filed this timely appeal.
 {¶ 5} Debtor presents one assignment of error:
THE TRIAL COURT ERRED AS A MATTER OF LAW BY FAILING TO REQUIRE APPELLEE TO COMPLY WITH OHIO'S EXECUTION STATUTES AND BY FAILING TO APPLY OHIO'S EXECUTION STATUTES, INSTEAD ORDERING THE DEBTOR TO TRANSFER PROPERTY TO A JUDGMENT CREDITOR FOR NO VALUE AND WITH NO REDUCTION OF THE DEBT BEING EXECUTED UPON.
 {¶ 6} Debtor argues that the three orders must be vacated, first, because the court failed to require any valuation of the stock, without which the stock transfer could not properly be used to offset debtor's debt and, second, because the orders provided neither a timetable for liquidation of the stocks nor a requirement that the stocks be liquidated at all.
 {¶ 7} Creditor argues that the appeal must be dismissed because debtor (1) failed to obtain permission from this court, pursuant to a federal court order declaring him a vexatious litigator, before filing the appeal; and (2) waived his objections to the court's order by failing to raise the issues before the trial court. We address these questions, the second of which is fatal to debtor's appeal, below.
Vexatious Litigator
 {¶ 8} Creditor first argues that debtor's appeal must be dismissed because a federal court labeled him a vexatious litigator and he failed to apply for leave to proceed in this court.
 {¶ 9} On April 20, 2005, the United States District Court for the Northern District of Ohio declared debtor a vexatious litigator under both federal common law and R.C. 2323.52 and ordered him to obtain leave from both that court and any court in which he instituted or continued any legal action. Lomaz v. OhioDept. of Commerce (N.D. Ohio 2005), Case No. 5:03 CV 2609. Debtor filed the instant appeal on August 4, 2005, and did not obtain the permission of this court before filing.[2]
 {¶ 10} The plain language of R.C. 2323.52(B) states that a party can be declared a vexatious litigator "in a court ofcommon pleas with jurisdiction over the person who has allegedly engaged in the habitual and persistent vexatious conduct * * *." R.C. 2323.52(B) (emphasis added). The Supreme Court of Ohio has held that the rule of construction known as expressio unius estexclusio alterius applies to statutory interpretation unless a contrary legislative purpose is apparent. Balt. Ravens v.Self-Insuring Emplrs. Evaluation Bd. (2002), 94 Ohio St.3d 449,455. The intention to limit the power to declare a party a vexatious litigator is plain from the statute. The sentence in question first outlines a longer list of courts that would be affected by the vexatious litigator classification, and then specifically narrows that list to exclude all but courts ofcommon pleas from the role of determining whether parties arevexatious litigators. Here, the statute strictly controls, and clearly prevents this court from applying a vexatious litigator determination by a federal court.
 {¶ 11} We recognize that Lomaz v. Ohio Dept. of Commerce
was a diversity case and the district court was applying state law, but applying the law of the state of Ohio does not clothe the federal district court with all the rights and powers of its state counterpart. A federal court's duty to apply state law is a deferential duty based on the Rules of Decision Act, Judiciary Act of 1789, 34, 1 Stat. 73, and not a means of increasing a federal court's powers. As to the federal common law classification, this court does not find the federal court's ruling to control. Creditor cites several Ohio cases that deferred to federal decisions that had enjoined parties from proceeding in state courts. None of the cited cases controls. Moreover, the statute's clear intent is entirely consistent with our own established precedent of distancing federal cases from vexatious litigator proceedings. Carr v. Riddle (2000), Cuyahoga App. No. 75666, 136 Ohio App.3d 700, 704 (holding that federal cases cannot be used as evidence of vexatious conduct). Accordingly, debtor's failure to obtain permission from either this court or the district court is not fatal to his appeal.[3]
 Waiver
 {¶ 12} The second threshold question is whether debtor has reserved the alleged error for appeal. It is well settled that appellate courts will not consider questions that were not presented to the court whose judgment is sought to be reversed.State ex rel. Porter v. Cleveland Dept. of Pub. Safety (1998),84 Ohio St.3d 258, 259; State ex rel. Zollner v. IndustrialComm'n of Ohio (1993), 66 Ohio St.3d 276, 278 (holding that a party that has failed to raise an argument in the court below waives the right to raise it on appeal). Debtor argues that he has raised this issue to the trial court by virtue of objecting to the order. However, as creditor correctly points out, the proper time to challenge the creditor's motion would have been before the court issued its order, not after. Indeed, debtor had seven days to respond to the motion, and the court did not issue its ruling for eighty-two days. Debtor could and should have objected to the requested order while the motion was still pending. By waiting until the court issued its order, debtor waived his right to object to the order. Several Ohio appellate courts have held that objections to court orders are nullities and therefore do not preserve an appeal. Taylor v. LeaderTransp. System, Inc. (2003), Lake App. No. 2003-L-115,2004-Ohio-6330, at ¶¶ 23-24 (declining to recognize objections to a motion to compel which were filed after the motion was granted); Murray v. Goldfinger, Inc. (2003), Montgomery App. No. 19433, 2003-Ohio-459 at ¶ 5; In the matter of Justin V. andAlissa V. (2001), Lucas App. No. L-01-1343, 2001-Ohio-3100.
 {¶ 13} On appeal, debtor argues that his motion, although titled an "Objection to the Order," was actually a motion for reconsideration. However, even if debtor's motion could be deemed a motion to reconsider, "motions for reconsideration are not allowable either expressly or impliedly in the trial court after a final judgment." Pitts v. Ohio Dept. of Trans. (1981),67 Ohio St.2d 378, 379 (emphasis added). An order "which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties * * * is subject to revision at any time before the entry of judgment adjudicating the claims and the rights and liabilities of all the parties." Civ R. 54(B). The order in question here is not such an order, but rather a final order. It clearly affects substantial rights of both parties and adjudicates all the claims that were before the court.
 {¶ 14} Accordingly, the appeal is dismissed.
It is ordered that appellee recover of appellants its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
James J. Sweeney, P.J., and Mary Eileen Kilbane, J., concur.
[1] The three corporations are Grand Slam Fireworks Co., Inc., Midwest Fireworks Manufacturing Co., Inc. II, and Pacific Financial Services of America, Inc. Debtor is the sole proprietor of each corporation. Apparently, no stock certificates had ever existed in any of these three corporations.
[2] We dismissed debtor's appeal on September 19, 2005, but reinstated it on October 4, 2005.
[3] We note that the Eleventh District recently dismissed an appeal by the same debtor because he failed to apply for permission to appeal as required by the federal court order. SeeHuntington National Bank v. Lomaz (July 28, 2006), Portage App. No. 2005 P. 0075, 2006-Ohio-3880, at ¶ 5. The Eleventh District accepted the federal order as binding. That court did not, however, offer any analysis of the statutory source of authority. We base our decision on an independent interpretation of the statutory language.