[Cite as *Fleming v. Shelton*, 2020-Ohio-1387.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| JODI FLEMING, | : | |
| Plaintiff-Appellant, | : | No. 108660 |
| v. | : | |
| CHRISTOPHER M. SHELTON, ET AL., | : | |
| Defendants-Appellees. | : | |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** April 9, 2020

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-19-913062

*Appearances:*

Jodi Fleming, *pro se.*

Matthew R. Harris, *for appellees.*

ANITA LASTER MAYS, J.:

{¶ 1} Plaintiff-appellant Jodi Fleming ("Fleming") appeals the trial court's grant of defendants-appellees' motion to dismiss for failure to state a claim upon which relief may be granted pursuant to Civ.R. 12(B)(6). We affirm the trial court's judgment.

## I. Background and Facts

{¶ 2}   On March 27, 2019, Fleming filed a complaint against defendant-appellees CWA International ("CWA"), CWA District #4, CWA Chapter 4309 ("CWA 4309"), Christopher M. Shelton, Monica Hogan, Linda Hinton, and Terez Woods (collectively "appellees").  Fleming, a 53-year-old black female, charged that she was subject to discriminatory acts by her employer due to her race and age under "Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000 et seq., and Title III of the American with Disabilities Act."[1]  Fleming said that she was forced to take a disability leave of absence that "terminated her pension and medical insurance."   As a result of appellees' acts, Fleming was exposed to a hostile work environment, was not granted reasonable accommodation, and suffered anxiety and depression.

{¶ 3}   Fleming said that after she was unable to work for one year due to multiple surgeries, she was not provided with long-term disability or the company accident and sickness plan coverage.  CWA 4309, the local chapter that she also worked with as a union mobilizer, did not assist her.  Fleming reportedly filed a complaint with the National Labor Relations Board ("NLRB") but dismissed it after the union agreed to pursue the action.  CWA did not move forward, but Fleming was able to file a complaint with the Equal Employment Opportunity Commission.

---

[1]  The proper citations are Title VII, 42 U.S.C. 2000e, Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. 623, and the Rehabilitation Act, 29 U.S.C. 794.

{¶ 4} The instant complaint charges violations of several federal laws: (1) racial discrimination under the federal civil rights act; (2) age discrimination under the federal Age Discrimination in Employment Act, 29 U.S.C. 621 ("ADEA"); (3) retaliation for engaging in protecting activities; (4) violation of the federal Rehabilitation Act, 29 U.S.C. 710, et seq. ("Rehabilitation Act"); and (5) hostile and abusive work environment in violation of the ADEA and Rehabilitation Act. Fleming prayed for a judgment in excess of $25,000 per claim and a range of legal and equitable relief.

{¶ 5} On April 5, 2019, appellees moved to dismiss the motion for failure to state a claim pursuant to Civ.R. 12(B)(6), failure to join a necessary party under Civ.R. 19 and 12(B)(7) or, in the alternative, motion for a more definite statement pursuant to Civ.R. 12(E) and dismissal of all defendants named in their individual capacities. In summary, appellees contended Fleming did not name the proper union entities and failed to include AT&T as a necessary party and, while conceding that state courts have concurrent jurisdiction over the federal actions, claimed that Fleming did not file within the applicable statutes of limitations.

{¶ 6} On May 2, 2019, Fleming opposed the motion. On May 6, 2019, appellees moved to strike Fleming's response as untimely and noncompliant with the local rules. On May 8, 2019, appellees filed a motion to supplement, and Fleming responded to the motion to strike. On May 16, 2019, Fleming responded to the motion to supplement, and on May 21, 2019, appellees moved to strike Fleming's response to the supplemental motion.

{¶ 7} The trial court issued its judgment on May 23, 2019, that provided in pertinent part that, after consideration of the various filings:

> A court may dismiss a motion pursuant to Ohio Civ.R. 12(B)(6) for failure to state a claim upon which relief may be granted when it appears beyond a doubt that plaintiff can prove no set of facts entitling them to relief. *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 245, 327 N.E.2d 753 (1975). The court finds that plaintiff can prove no set of facts entitling her to relief. Defendants' motion to dismiss pursuant to Civ.R. 12(B)(6) is well taken and is granted. Case is dismissed with prejudice pursuant to Civ. R. 12(B)(6).

Journal entry No. 108834075 (May 23, 2019).

## II. Assignment of Error

{¶ 8} Fleming assigns one error:

> The granting of summary judgment to Defendants was premature and invalid because discovery had not been conducted. Favorable information to the Plaintiff is likely to come out in the discovery process.

### A. Pro Se Appellant

{¶ 9} We recognize that Fleming is proceeding pro se, without the advice of a licensed attorney. However, "[u]nder Ohio law, pro se litigants are held to the same standard as all other litigants." *Bikkani v. Lee*, 8th Dist. Cuyahoga No. 89312, 2008-Ohio-3130, ¶ 29, citing *Kilroy v. B.H. Lakeshore Co.*, 111 Ohio App.3d 357, 363, 676 N.E.2d 171 (8th Dist.1996).

{¶ 10} We note that the appellate brief "fails to comply with a number of appellate rules, but in the interest of justice, this court will, as best it can, address the arguments raised herein." *In re R.L.H.*, 8th Dist. Cuyahoga No. 100327, 2014-Ohio-3411, ¶ 9, fn. 3. It is true, "[h]owever, App.R. 12 and 16 provide this court with

the authority to disregard any assignment of error that does not conform to pertinent appellate rules." *Id.*

## B. Standard of Review

{¶ 11} Fleming argues that summary judgment was inappropriate in this case and Fleming's standard of review applies to summary judgments that are governed by Civ.R. 56. However, the judgment in this case was pursuant to Civ.R. 12(B)(6).

{¶ 12} An appellate court reviews a motion to dismiss under Civ.R. 12(B)(6) as follows:

> Our standard of review on a Civ.R. 12(B)(6) motion to dismiss is de novo. A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. Under a de novo analysis, we must accept all factual allegations of the complaint as true and all reasonable inferences must be drawn in favor of the nonmoving party.

(Citations omitted.) *NorthPoint Props. v. Petticord*, 179 Ohio App.3d 342, 2008-Ohio-5996, 901 N.E.2d 869, ¶ 11 (8th Dist.).

{¶ 13} A trial court may grant a motion to dismiss for failure to state a claim upon which relief can be granted where it appears "beyond doubt from the complaint that the plaintiff can prove no set of facts entitling her to relief." *Grey v. Walgreen Co.*, 197 Ohio App.3d 418, 2011-Ohio-6167, 967 N.E.2d 1249, ¶ 3 (8th Dist.).

## C. Discussion

{¶ 14} Appellees maintain in their motion to dismiss that the employment situation that Fleming attempts to litigate occurred during the 2013 through 2015

timeframe. Appellees also argue in a supplement to that motion that Fleming filed a complaint in federal court that echoes the allegations in the instant case against the same defendants in 2016, in *Fleming v. Hogan*, N.D.Ohio No. 1:16 CV 688, 2016 U.S. Dist. LEXIS 51650 (Apr. 18, 2016). A copy of the trial court's entry is attached as an appendix to the motion.

{¶ 15} Fleming's filing in that action was also pro se:

> Pro se Plaintiff Jodi Fleming filed this action under Title VII, 42 U.S.C. § 2000e, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623, and the Rehabilitation Act, 29 U.S.C. § 794, against Communication Workers of America ("CWA") International employee Monica Hogan, CWA District #4 Vice President Linda Hinton, CWA Employee Terez Woods, CWA International and CWA District #4. In the Complaint, Plaintiff alleges the grievance she filed against her former employer, AT&T, was moved to the international branch of "CWA" and the Defendants did not keep her apprised of the status of her grievance. She does not specify the relief she seeks. * * *

> [Fleming] indicates that she is an African American female, over the age of forty, who is disabled. She states she was employed by AT&T "at the time of her disability leave of absence." (ECF No. 1 at 2). She alleges she received a letter from Hinton stating AT&T would not arbitrate, [*2] but she does not specify the dispute in question. She states Hogan informed her that her grievance was moved to the international union. She claims the Defendants did not provide her with any information or communication regarding her case. She contends Woods accused her of signing the release of medical documentation. Plaintiff asserts claims under Title VII, the ADEA, and the Rehabilitation Act. Plaintiff also alleges AT&T discharged her because she was on medical leave for more than 52 weeks and because she filed a Worker's Compensation claim. Plaintiff filed a separate action against AT&T for employment discrimination. See *Fleming v. Tench*, No. 1:16 CV 185 (N.D. Ohio filed Jan. 26, 2016). The claims against AT&T are not part of this action.

*Id.* at *1-2.

{¶ 16} The court determined that Fleming failed to set forth a plausible claim of relief. The subsequent history of the opinion in that case lists several related cases

that are summarized in *Fleming v. Ohio Bell Tel. Co.*, N.D.Ohio No. 1:19 CV 994, 2019 U.S. Dist. LEXIS 82893 (May 16, 2019).

> Plaintiff has filed five charges with the United States Equal Employment Opportunity Commission and six lawsuits in state and federal court pertaining to this incident. Her first lawsuit was filed in this federal court against Ohio Bell on January 26, 2016. *See Fleming v. Tench*, [N.D. Ohio] No. 1:16 CV 185 (Apr. 25, 2016) (Gaughan, J.). She voluntarily dismissed that case on April 25, 2016.
>
> Plaintiff filed her second lawsuit in this Court against her union and union officials complaining of her employment termination by Ohio Bell. *See Fleming v. Hogan*, [N.D. Ohio] No. 1:16 CV 688, 2016 U.S. Dist. LEXIS 51650 (Apr. 18, 2016) (Gaughan, J.). That action was dismissed on the merits under 28 U.S.C. § 1915(e).
>
> Ten days after her second lawsuit was dismissed, Plaintiff filed her third lawsuit. This one named Ohio Bell as the Defendant, but it was based on the same facts pertaining to her employment termination. *See Fleming v. Ohio Bell Tel. Co.*, [N.D. Ohio] No. 1:17 CV 898 (June 14, 2017) (Polster, J.). This lawsuit was dismissed on the merits in June 2017. At that time, this Court recognized Plaintiff as a vexatious litigant and enjoined her from filing any new lawsuits without first seeking and obtaining leave of court. *Id.*
>
> Just over two months later, Plaintiff filed another lawsuit against Ohio Bell challenging her firing. *See Fleming v. Ohio Bell Tel. Co.*, [N.D. Ohio] No. 1:17 CV 1815, 2018 U.S. Dist. LEXIS 104020 (June 21, 2018) (Boyko, J.). This time, Plaintiff retained an attorney and obtained leave to file the case. It was dismissed, however, on the grounds of res judicata. In the dismissal Order, Judge Boyko acknowledged this Court's prior finding that Plaintiff was a vexatious litigant and addressed Ohio Bell's request for monetary sanctions stating:
>
> Defendant contends that monetary sanctions are the only way to stop Plaintiff from engaging in vexatious litigation going forward. However, since the Court dismisses this action with prejudice, Plaintiff is barred from re-litigating this case a fifth time. Therefore, the Court declines to impose monetary sanctions on Plaintiff at this time. However, should Plaintiff file another lawsuit addressed by this Court's imposition of conditions as stated in this Order, Plaintiff may be ordered to pay attorney's fees and costs covering Defendant's Motion to Dismiss in this case, as well as the new filing.

*Id.*

Undeterred, Plaintiff filed two more cases against her union and Ohio Bell in the Cuyahoga County Court of Common Pleas. Her fourth lawsuit, *Fleming v. Shelton*, [C.P.] No. CV-19-913062 (filed Mar. 27, 2019) is still pending. Her fifth lawsuit began as *Fleming v. AT&T Corp.*, [C.P.] No. CV-19-913317 (filed Apr. 2, 2019) and was removed as this case to federal court as this case.

*Id.* at *2-4 (May 16, 2019).

{¶ 17} There is no need to recreate the analytical wheel in this case. The federal court, as in the other cases, granted the appellees' motion to dismiss under Fed.R.Civ.P. 12(B)(6). Ohio courts look to federal law by analogy in analyzing Civ.R. 12(B)(6). *See generally Tuleta v. Med. Mut. of Ohio*, 2014-Ohio-396, 6 N.E.3d 106 (8th Dist.).

{¶ 18} The federal court also ruled that res judicata applied. "[A] final judgment on the merits of a claim precludes a party from bringing a subsequent lawsuit on the same claim or from raising a new defense to defeat the prior judgment." *Id.* at * 6, citing *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660 (6th Cir. 1990).

{¶ 19} The federal court concluded:

All of these requirements are met in this case. Plaintiff received decisions on the merits of her claims against Ohio Bell in *Fleming v. Ohio Bell Tel. Co.*, [N.D. Ohio] No. 1:17 CV 898 (June 14, 2017) (Polster, J.) and *Fleming v. Ohio Bell Tel. Co.*, [N.D. Ohio] No. 1:17 CV 1815, 2018 U.S. Dist. LEXIS 104020 (June 21, 2018) (Boyko, J.). In addition, she received a decision on the merits of her action against the union in *Fleming v. Hogan*, [N.D. Ohio] No. 1:16 CV 688, 2016 U.S. Dist. LEXIS 51650 (Apr. 18, 2016) (Gaughan, J.). This current action is based on the same facts as her prior cases and her claims in this case could have been or were addressed in those prior actions. Plaintiff is therefore precluded from litigating this matter for a fifth time.

*Id.* at *7.

{¶ 20} The court also noted its "warnings to cease her vexatious and harassing filings" and issued a fine. Finally, the court admonished:

> Plaintiff is permanently enjoined from filing additional documents in this case or in prior cases she initiated in this Court, and is reminded that she is permanently enjoined from filing any new action in either state or federal court, without seeking and obtaining leave of court as set forth in this Court's prior Order.

*Id.* at *8-9. The federal opinion was issued on May 16, 2019. The instant case was filed on March 27, 2019, almost three months prior to the federal opinion issued.

{¶ 21} As this court explained in its July 10, 2019 order denying appellees' motion to dismiss the appeal due to Fleming's failure to request leave from the federal court and based on the federal court's vexatious litigator declaration:

> Appellant has been declared a vexatious litigator by the federal court, but not the state court. ""[C]ivil actions filed in a federal court cannot be the predicate actions for declaring a person a 'vexatious litigator' under R.C. 2323.52, that is not to say that they do not have any evidentiary relevance for determining 'vexatious conduct' as defined in R.C. [2323.52(A)(2)(a)], or to identify a 'vexatious litigator' as defined in R.C. [2323.52(A)(3)].""" *Borger v. McErlane*, 1st Dist. Hamilton No. C-010262, 2001-Ohio-4030. *See also Huntington Natl. Bank v.* [*Pacific*] *Fin. Servs.*, 8th Dist. Cuyahoga No. 86822, 2006-Ohio-4486. Therefore, appellant was not required to request leave prior to filing the appeal. Appellees' contention that the appeal is without merit goes to the merits of the appeal and is not grounds for dismissal. Res judicata is an affirmative defense and does not deprive the court of jurisdiction. *See In re Power Co.*, 144 Ohio St.3d 1, 2015-Ohio-2056, ¶ 22 and therefore, is not grounds for a dismissal pursuant to motion.

Journal entry No. 109463469 (July 10, 2019).

**{¶ 22}** Based on our review of the record and the fact that the claims and parties in this case mirror those of the other federal and state filings by Fleming, we find that the trial court did not abuse its discretion.

**{¶ 23}** Fleming's sole assignment of error is overruled.

## III. Conclusion

**{¶ 24}** The trial court's judgment is affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

PATRICIA ANN BLACKMON, J., CONCURS;
SEAN C. GALLAGHER, P.J., CONCURS IN JUDGMENT ONLY WITH SEPARATE OPINION

SEAN C. GALLAGHER, P.J., CONCURRING IN JUDGMENT ONLY:

**{¶ 25}** I respectfully concur in judgment only. It is understandable how Fleming confused the procedural standards in this current appeal. The defendants' motion to dismiss was based on *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), a federal standard of review expressly rejected

in *Tuleta v. Med. Mut. of Ohio*, 2014-Ohio-396, 6 N.E.3d 106, ¶ 31 (8th Dist.) (holding that the *Twombly* line of cases cannot override 40 years of routine standards under Ohio law). It is for this reason that we cannot rely on the federal court's decision to dismiss — its decision was based on the *Twombly* standard. Further, the defendants' motion to dismiss attempted to incorporate evidence outside the pleadings that could not be considered under the Civ.R. 12(B)(6) standard. *Smith v. Estate of Knight*, 10th Dist. Franklin No. 18AP-534, 2019-Ohio-560, ¶ 7 (in order to consider evidence outside the complaint, the motion to dismiss must be converted to a summary judgment motion and proceed under Civ.R. 56). Although Fleming's appellate arguments are incorrectly based on Civ.R. 56, the blame is not entirely on her. Notwithstanding, nothing in the record demonstrates that the trial court considered the inappropriately attached evidence, and Fleming does not argue otherwise. App.R. 16(A)(7).

{¶ 26} The question before this court is whether a motion to dismiss was appropriately granted under Civ.R. 12(B)(6), a matter we review de novo. *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44, ¶ 5. Despite the defendants' own procedural missteps, in their motion to dismiss, defendants also claimed that Fleming failed to state a claim upon which relief could be granted because the only allegations of discrimination pertained to Fleming's employer and not the labor union or its employees (the only defendants in the action). The only allegations of misconduct against the defendants were based on their failure to pursue a grievance, with no allegations of discriminatory acts by the

defendant labor union or its employees.  For this reason, I agree with the decision to affirm.