OPINION
{¶ 1} On February 6, 2004, appellant, Craig T. Conley, Esq., filed a complaint against appellee, Clayton Smith, alleging vexatious litigator pursuant to R.C. 2323.25. This complaint followed numerous cases and filings between the parties stemming from appellant's representation of appellee in a criminal matter.
 {¶ 2} On May 12, 2004, appellant filed a motion for summary judgment. By judgment entry filed August 10, 2004, the trial court denied the motion and dismissed appellant's complaint.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "The trial court erred in sua sponte dismissing appellant's action, which dismissal effectively granted summary judgment to the non-moving appellees."
 II {¶ 5} "The trial court erred in finding insufficient evidence to support appellant's sole cause of action/claim for relief."
 I {¶ 6} Appellant claims the trial court erred in dismissing his case when it was ruling on a motion for summary judgment. We agree.
 {¶ 7} The complaint in this case was brought pursuant to R.C. 2323.52, vexatious litigators. In its August 10, 2004 judgment entry dismissing appellant's complaint, the trial court found appellant failed to demonstrate that appellee's conduct met the definition of "vexatious conduct":
 {¶ 8} The Court finds that Plaintiff Conley has failed to demonstrate that Defendant Smith's actions as described above meet the standard of `vexatious conduct.' The filings of Defendant Smith do not show that he has habitually, persistently, and without reasonable grounds engaged in vexatious conduct in civil actions before this court. Each filing relates to the same factual situation, Smith's prior criminal conviction, and may be warranted under existing law. Further, if the Court simply examines the `number' of filings, Plaintiff and Defendant seem equally vexatious. * * *
 {¶ 9} "Accordingly, it is ORDERED, ADJUDGED AND DECREED that Plaintiff's Motion for Summary Judgment is DENIED. Because the Court finds there is insufficient evidence to demonstrate Defendant is a vexatious litigator pursuant to R.C. 2323.52, the Court hereby DISMISSES the above-entitled cause of action. Further, upon the Court's own motion and its inherent authority to manage its docket, the Court hereby DISMISSES Defendant's counterclaims." (Footnote omitted.)
 {¶ 10} Appellant's motion for summary judgment and supplemental memoranda are predicated on the outcome of two common pleas court cases, Case No. 2004CV01588 (breach of contract) and Case No. 2003CV02854 (legal malpractice) and a court of appeals case, Case No. 2004CA00068. Appellant argues the redundancy of the two cases and the numerous duplicitous motions filed therein lead to the conclusion that appellee is a vexatious litigator.
 {¶ 11} The trial court found these affirmations and case opinions were insufficient to determine as a matter of law that appellee was a vexatious litigator. In fact, as cited supra, the trial court concluded that both parties "seem equally vexatious." As a result, the trial court dismissed appellant's complaint, taking the position that there were no facts presented or could ever be presented that would support a finding that appellee was a vexatious litigator.
 {¶ 12} The Supreme Court of Ohio has recognized that there is a general prohibition against courts sua sponte entering summary judgment in favor of the non-moving party. See, Marshall v. Aaron (1984),15 Ohio St.3d 48, syllabus; State ex rel. J.J. Detweiler Enterprises,Inc. v. Warner, 103 Ohio St.3d 99, 2004-Ohio-4659.
 {¶ 13} In arguing against the motion for summary judgment, appellee inherently argues there are genuine issues of material fact in dispute. Based upon this general principle, the trial court erred in sua sponte dismissing appellant's complaint.
 {¶ 14} Assignment of Error I is granted.
 II {¶ 15} Appellant claims the trial court erred in finding there was insufficient evidence to establish appellee was a vexatious litigator. We disagree.
 {¶ 16} Summary Judgment motions are to be resolved in light of the dictates of Civ.R. 56. Said rule was reaffirmed by the Supreme Court of Ohio in State ex rel. Zimmerman v. Tompkins, 75 Ohio St.3d 447, 448,1996-Ohio-211:
 {¶ 17} "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex. rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509, 511,628 N.E.2d 1377, 1379, citing Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274."
 {¶ 18} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. Smiddy v. TheWedding Party, Inc. (1987), 30 Ohio St.3d 35.
 {¶ 19} Appellant's complaint alleges appellee to be a vexatious litigator pursuant to R.C. 2323.25 which is defined in subsection (A)(3) as follows:
 {¶ 20} "(3) `Vexatious litigator' means any person who has habitually, persistently, and without reasonable grounds engaged in vexatious conduct in a civil action or actions, whether in the court of claims or in a court of appeals, court of common pleas, municipal court, or county court, whether the person or another person instituted the civil action or actions, and whether the vexatious conduct was against the same party or against different parties in the civil action or actions. `Vexatious litigator' does not include a person who is authorized to practice law in the courts of this state under the Ohio Supreme Court Rules for the Government of the Bar of Ohio unless that person is representing or has represented self pro se in the civil action or actions."
 {¶ 21} "Vexatious conduct" is defined in subsection (A)(2) as follows:
 {¶ 22} "(2) `Vexatious conduct' means conduct of a party in a civil action that satisfies any of the following:
 {¶ 23} "(a) The conduct obviously serves merely to harass or maliciously injure another party to the civil action.
 {¶ 24} "(b) The conduct is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law.
 {¶ 25} "(c) The conduct is imposed solely for delay."
 {¶ 26} Appellant's summary judgment motion and supplemental memoranda include copies of previous court decisions and arguments about their relative merit. We note appellee is a pro se litigant and as a result, there appears to be a great flurry of motions with appellant also joining in the fray with numerous motions.
 {¶ 27} Pursuant to R.C. 2323.52, the standard is whether appellee's conduct was "habitually, persistently, and without reasonable grounds." Surely the issues between the parties are factually intense and lead to the necessity of different interpretations of the facts.
 {¶ 28} Upon review, we find the trial court did not err in denying appellant's motion for summary judgment, but erred in not proceeding with a trial on the matter per the civil rules.
 {¶ 29} Assignment of Error II is denied.
 {¶ 30} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed in part, reversed in part and remanded.
Farmer, J. and Boggins, P.J. concur.
Hoffman, J. concurs in part, dissents in part.