[Cite as *State ex rel. Marcum v. Florence Twp.*, 2017-Ohio-6916.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

State of Ohio, ex rel.
Willie C. Marcum, et al.

       Appellants

v.

Florence Township, et al.

       Appellees

Court of Appeals No. E-16-029

Trial Court No. 2014-CV-0321

**<u>DECISION AND JUDGMENT</u>**

Decided:  July 21, 2017

* * * * *

David H. Cullis, for appellants.

John D. Latchney, for appellee Florence Township.

Kevin J. Baxter, Erie County Prosecuting Attorney, and
Gerhard R. Gross, Assistant Prosecuting Attorney, for
appellee Board of Commissioners of Erie County.

* * * * *

**OSOWIK, J.**

**{¶ 1}** Appellants, Willie and Millie Marcum, appeal the judgment of the Erie

County Court of Common Pleas, which awarded summary judgment in favor of

appellees, Florence Township and Erie County Commissioners ("Erie County"). For the reasons that follow, we affirm.

## I. Facts and Procedural Background

{¶ 2} The underlying facts are not in dispute for purposes of this appeal. In 2009, appellees jointly undertook a water drainage project. The project, which was conducted on land adjacent to appellants' property, resulted in a substantial increase in the flow of water onto appellants' property, rendering eight acres of appellants' land unusable.

{¶ 3} On April 6, 2012, in case No. 2012-CV-0246, appellants filed a complaint against appellees alleging claims for negligence, inverse condemnation, and diminution in value ("Marcum I"). On May 24, 2012, Erie County moved to dismiss the complaint, arguing, among other things, that the appropriate relief was through a mandamus action. On June 29, 2012, appellants filed an amended complaint in which they added a claim for injunctive relief. On August 16, 2012, the trial court granted Erie County's motion to dismiss, in part. The trial court agreed with Erie County that appellants' claims for inverse condemnation, diminution in value, and injunctive relief must be brought in a mandamus action. Thus, the court dismissed those claims without prejudice because "a claim may be viable in Mandamus to compel initiation of an appropriation proceeding." The matter proceeded on appellants' claim for negligence.

{¶ 4} On February 20, 2013, Erie County moved for summary judgment on the remaining claim of negligence. In a decision entered June 20, 2013, the trial court granted Erie County's motion, finding that Erie County was entitled to sovereign

2.

immunity. The trial court also addressed Erie County's argument that summary judgment was appropriate because there was no evidence of damages. The trial court commented:

> First, this Court held in ruling on the Civ.R. 12(B)(6) Motion To Dismiss, that the viable remedy was an action in Mandamus to compel Erie County to initiate an Eminent Domain proceeding. * * * While this Court makes no ultimate determination whether that would prove successful, Plaintiffs did not pick up on this and file any such Mandamus Complaint. This Court is reluctant to further prejudice Plaintiffs' ability to pursue a Mandamus claim by ruling Plaintiffs have no damages. (Internal citations omitted.)

In conclusion, the trial court ordered that "the *claims* against Erie County are **DISMISSED** with prejudice." (Emphasis added.)

{¶ 5} Likewise, on April 19, 2013, Florence Township moved for summary judgment on all of appellants' claims, asserting the same arguments as Erie County. On June 21, 2013, the trial court granted Florence Township's motion. The trial court found:

> 5. This Court has addressed all of these issues in Erie County's *Summary Judgment Motion* and in the prior Civ.R. 12(B)(6) Motion To Dismiss filed by Erie County. This Court reiterates those findings and holdings here and incorporates them herein by reference (SEE Judgment Entry filed on or about June 20, 2013 @ 1:47 p.m.). * * * Therefore,

3.

Florence Twp., just like Erie County is entitled to Sovereign Immunity. This Court, also previously dismissed on the pleadings, via Civ.R. 12(B)(6), the diminution in value, inverse condemnation and injunctive relief counts.

6. This Court incorporates the findings and holdings of those two prior decisions as if rewritten here.

As with Erie County, the trial court ordered that "the *claims* against Defendant Florence Township Board of Trustees are **DISMISSED** with prejudice." (Emphasis added.)

{¶ 6} Appellants did not appeal the trial court's June 20 or June 21, 2013 decisions. Instead, eleven months later, on May 24, 2014, appellants filed a complaint in mandamus in case No. 2014-CV-0321 ("Marcum II") based on the same events and occurrences that were at issue in Marcum I. In their complaint, appellants sought to compel appellees to initiate appropriation proceedings for the "taking" of appellants' property. Appellees moved for summary judgment in Marcum II, arguing that appellants' claim was barred by res judicata.[1]

{¶ 7} On April 13, 2016, the trial court granted appellees' motions.

## II. Assignment of Error

{¶ 8} Appellants have timely appealed the trial court's April 13, 2016 judgment entry, and now assert one assignment of error for our review:

---

[1] Appellees also argued that the action was barred by the statute of limitations, and Erie County additionally argued that it was entitled to sovereign immunity.

4.

1. In the first of two suits between the parties, the Trial Court's dismissal of the inverse condemnation and lost value claims was based upon a determination that a mandamus action was required to raise these claims, and a mandamus action had not been pleaded. The dismissal of these counts was specifically stated in an initial Judgment Entry to be without prejudice. The language of the final Judgment Entries cannot reasonably be read to have changed the dismissal of these counts to dismissals with prejudice. Therefore the trial court erred in finding that the dismissals were with prejudice and applying res judicata to bar this suit.

### III. Analysis

{¶ 9} We review the grant of a motion for summary judgment de novo, applying the same standard as the trial court. *Lorain Natl. Bank v. Saratoga Apts.*, 61 Ohio App.3d 127, 129, 572 N.E.2d 198 (9th Dist.1989); *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Under Civ.R. 56(C), summary judgment is appropriate where (1) no genuine issue as to any material fact exists; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party. *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1978).

{¶ 10} At issue in this case is whether appellants' claim in Marcum II is barred by the doctrine of res judicata. "The doctrine of res judicata encompasses the two related

5.

concepts of claim preclusion, also known as res judicata or estoppel by judgment, and issue preclusion, also known as collateral estoppel." *O'Nesti v. DeBartolo Realty Corp.*, 113 Ohio St.3d 59, 2007-Ohio-1102, 862 N.E.2d 803, ¶ 6. "Claim preclusion prevents subsequent actions, by the same parties or their privies, based upon any claim arising out of a transaction that was the subject matter of a previous action." *Id.* "Where a claim could have been litigated in the previous suit, claim preclusion also bars subsequent actions on that matter." *Id.*, citing *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 382, 653 N.E.2d 226 (1995). The Ohio Supreme Court has consistently applied res judicata to mandamus claims. *See, e.g., State ex rel. Mora v. Wilkinson*, 105 Ohio St.3d 272, 2005-Ohio-1509, 824 N.E.2d 1000, ¶ 15.

{¶ 11} The doctrine of claim preclusion has been distilled to apply where four elements are present: "(1) there was a prior valid judgment on the merits; (2) the second action involved the same parties as the first action; (3) the present action raises claims that were or could have been litigated in the prior action; (4) both actions arise out of the same transaction or occurrence." *State ex rel. Hensley v. City of Columbus*, 10th Dist. Franklin No. 10AP-840, 2011-Ohio-3311, ¶ 11. Here, the dispute centers largely on whether there was a prior valid judgment on the merits.

{¶ 12} Appellants argue that no prior valid judgment exists because the claims for diminution in value and inverse condemnation were brought in Marcum I, and were dismissed without prejudice. As part of their argument, appellants contend that the trial court erred when it converted the dismissal of those claims without prejudice into a

6.

dismissal with prejudice in the June 20 and June 21, 2013 judgment entries in Marcum I. We find this argument to be a red herring. The trial court's June 20 and June 21, 2013 judgment entries recognized that the claims for diminution in value and inverse condemnation were dismissed without prejudice. Nevertheless, this does not grant appellants the opportunity to relitigate those claims in a mandamus action after a final judgment had been entered in an action arising out of the same transaction or occurrence.

{¶ 13} Appellants comment that their conduct in waiting to file the mandamus action was in the interests of judicial economy in that they wanted to determine if they were going to receive relief in Marcum I, and therefore not have to seek relief in Marcum II. However, appellants' actions are precisely the reason that the doctrine of claim preclusion exists, in that it prevents the successive litigation of alternate theories of relief. *See Grava*, 73 Ohio St.3d at 383, 653 N.E.2d 226, quoting Restatement of the Law 2d, Judgments, Section 24, Comment a (1982) ("[I]n the days when civil procedure still bore the imprint of the forms of action and the division between law and equity, the courts were prone to associate claim with a single theory of recovery, so that, with respect to one transaction, a plaintiff might have as many claims as there were theories of the substantive law upon which he could seek relief against the defendant. Thus, defeated in an action based on one theory, the plaintiff might be able to maintain another action based on a different theory, even though both actions were grounded upon the defendant's identical act or connected acts forming a single life-situation. * * * *The present trend is to see claim in factual terms and to make it coterminous with the*

7.

*transaction regardless of the number of substantive theories*, or variant forms of relief flowing from those theories, that may be available to the plaintiff * * *; regardless of the variations in the evidence needed to support the theories or rights."  (Emphasis sic.)).

{¶ 14} In this case, the elements of claim preclusion are met.  Both Marcum I and Marcum II arise out of appellees' conduct in performing the drainage project in 2009.  The parties in both actions are identical.  The present action in Marcum II raises claims that could have been raised, and indeed were attempted to have been raised, in Marcum I.  Finally, there was a final judgment on the merits in Marcum I in that the negligence action was decided on summary judgment, and the time for appeal of that judgment has run.  Appellants had an opportunity in Marcum I to amend the complaint to include a claim in mandamus, to file a new action in mandamus prior to the resolution of the negligence claim and seek to consolidate the two actions, or to dismiss the negligence claim and file a completely new action.  Appellants did none of these, and instead waited until they lost in Marcum I to file their claim in mandamus in Marcum II.

{¶ 15} Therefore, we hold that the trial court did not err in determining that appellants' claims in Marcum II are barred by the doctrine of res judicata, and thus summary judgment in favor of appellees is appropriate.

{¶ 16} Accordingly, appellants' assignment of error is not well-taken.

## IV. Conclusion

**{¶ 17}** For the foregoing reasons, the judgment of the Erie County Court of Common Pleas is affirmed. Costs of this appeal are assessed to appellants pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J. _____

_____
JUDGE

Thomas J. Osowik, J. _____

_____
JUDGE

James D. Jensen, P.J. _____
CONCUR.

_____
JUDGE