[Cite as *Davie v. Nationwide Ins. Co. of Am.*, 2017-Ohio-7721.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 105261**

# MICHAEL DAVIE

PLAINTIFF-APPELLANT

vs.

# NATIONWIDE INSURANCE COMPANY OF AMERICA, ET AL.

DEFENDANTS-APPELLEES

## JUDGMENT:
## REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-15-856417

**BEFORE:** E.A. Gallagher, P.J., Kilbane, J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** September 21, 2017

**ATTORNEY FOR APPELLANT**

Michael Davie, pro se
11811 Shaker Blvd., Suite 314
Cleveland, Ohio 44120


**ATTORNEYS FOR APPELLEE**

Timothy D. Johnson
Gregory E. O'Brien
Cavitch, Familo & Durkin, Co., L.P.A.
1300 East Ninth Street, 20th Floor
Cleveland, Ohio 44114

**ATTORNEY FOR NATIONWIDE INSURANCE COMPANY OF AMERICA**

William Falin
Moscarino & Treu, L.L.P.
1422 Euclid Avenue, Suite 630
Cleveland, Ohio 44115

EILEEN A. GALLAGHER, P.J.:

{¶1} Plaintiff/counterclaim defendant-appellant Michael Davie appeals from an order of the Cuyahoga County Court of Common Pleas granting summary judgment in favor of defendant/counterclaim plaintiff-appellee Cavitch, Familo & Durkin Co., L.P.A. ("Cavitch") and declaring him to be a vexatious litigator under R.C. 2323.52. For the reasons that follow, we reverse the decision of the trial court.

**Factual Background and Procedural History**

{¶2} In October 2011, Davie and his wife Erica were injured in an automobile accident when a vehicle driven by an uninsured motorist, George Saridakis, struck their vehicle (the "October 2011 accident"). There was no dispute that Saridakis was at fault in the accident.

{¶3} Nationwide Insurance Company of America ("Nationwide") insured the Davies under an insurance policy that included uninsured motorist coverage (the "insurance policy"). The Davies submitted a claim for uninsured motorist benefits for the injuries they sustained in the accident.

{¶4} In November 2012, Nationwide paid $25,000 to settle Erica's bodily injury uninsured motorist claim and all related derivative claims.[1] In exchange, she and Davie executed a release as to those claims. The release specifically included Davie's

---

[1] Nationwide also paid the Davies $874.07 (less their $500 deductible) for property damage to the vehicle resulting from the accident, $2,000 in medical expenses and $100 for a rental car.

derivative claim but specifically excluded Davie's bodily injury uninsured motorist claim.

**Davie's first lawsuit (the "2012 Lawsuit")**

{¶5} In October 2012, Davie filed a complaint, pro se, against Nationwide, Ryan Martig (the claims adjuster assigned to Davie's uninsured motorist claim) and others[2] in the Cuyahoga County Common Pleas Court (Case No. CV-12-793284). Davie asserted claims of breach of contract, bad faith, fraud and violations of the Ohio Consumer Sales Practices Act ("CSPA") based on Nationwide's alleged failure to compensate Davie for the injuries he sustained in the October 2011 accident. Cavitch represented the defendants in the case.

{¶6} In September 2013, while the case was still pending, Cavitch attorney Gregory O'Brien sent a letter to Davie on Nationwide's behalf, offering to settle the 2012 lawsuit for $12,000. In December 2013, Attorney O'Brien sent an email to Davie instructing him not to communicate with Nationwide employees outside the presence of counsel while the action was pending.

{¶7} Davie's CSPA claim and his breach of contract claim against Martig were dismissed pursuant to Civ.R. 12(B)(6). The trial court bifurcated Davie's breach of contract claim against Nationwide and stayed discovery on his bad faith and fraud claims. The case proceeded to trial on the breach of contract claim in December 2013. The

---

[2] Davie also named as defendants Titan Insurance Company (who Saridakis apparently claimed at one point insured him) and its claims adjuster Joel Jesse.

trial court entered a directed verdict for Nationwide on Davie's breach of contract claim on the ground that Davie had failed to offer any expert testimony establishing that his injuries were proximately caused by the accident. Davie filed a motion for new trial and a motion for relief from judgment, which the court denied. In April 2014, the trial court granted summary judgment in favor of the defendants on all remaining claims.

{¶8} Davie appealed the trial court's rulings, pro se, to this court. This court affirmed the trial court's judgment but found that there were reasonable grounds for the appeal. *See Davie v. Nationwide Mut. Ins. Co.*, 8th Dist. Cuyahoga No. 101285, 2015-Ohio-104. Davie filed a motion for reconsideration and application for en banc consideration, both of which this court denied.

**Ohio Department of Insurance Complaints**

{¶9} In January 2014, while the 2012 lawsuit was pending, Davie filed a complaint [3] against Nationwide with the Ohio Department of Insurance ("ODI")

---

[3]Cavitch asserts that Davie "filed three complaints against Nationwide with the [ODI] in which he attempted to relitigate his breach of contract and bad faith claims." Although Davie appears to have sent two letters to the ODI and to have had at least one other communication with the ODI regarding Nationwide's handling of his claim, it does not appear, based on the information in the record, that he initiated three separate complaints with the ODI; rather, it appears that Davie had a series of communications with the ODI in January and February 2014 regarding Nationwide's alleged improper handling of his claim. Based on the information in the record, Davie's communications with the ODI occurred after the trial court entered a directed verdict in favor of Nationwide on his breach of contract claim but before it granted summary judgment in favor of Nationwide on his bad faith and fraud claims. Although Attorney O'Brien asserts in an affidavit he submitted on summary judgment that the ODI found "no basis for any of [Davie's] allegations against Nationwide," in fact, the ODI informed Davie that he was "involved in a legal matter for which this Department has no legal jurisdiction." Although the ODI indicated that it "did not discover any violations in the limited aspect of this case that we were able to review," it further stated that "[a]ll of the issues regarding the claim handling, and all of [Davie's] allegations regarding improper conduct are subject to the court's

regarding its handling of his uninsured motorist claim.   In March 2014, the ODI advised Davie that it did not have jurisdiction over the parties' dispute.

**Erica's lawsuit (the "2013 Lawsuit")**

{¶10} In October 2013, Erica filed a complaint in the Cuyahoga County Court of Common Pleas (Case No. CV-13-815427) against Nationwide and Sadallah Agency Inc. ("Sadallah"), the insurance agency that sold the insurance policy to the Davies.   Erica asserted claims of loss of consortium, breach of contract, breach of good faith and fair dealing, bad faith, negligent infliction of emotional distress, intentional infliction of emotional distress and unjust enrichment against the defendants based on Nationwide's alleged failure to pay her uninsured motorist claim from the October 2011 accident. Erica was represented by attorney Donald Murphy, and Cavitch represented the defendants.

{¶11} In January 2015, the trial court granted the defendants' motion for summary judgment, concluding that Erica's claims were barred by the release she signed in November 2012.   Erica appealed, and this court affirmed the trial court's judgment. *Davie v. Nationwide Mut. Ins. Co.*, 8th Dist. Cuyahoga No. 102626, 2015-Ohio-4698.

**Davie's second lawsuit (the "2014 Lawsuit")**

{¶12} On March 24, 2014, while the 2012 lawsuit was still pending, Davie, identifying himself only by his initials, filed a second lawsuit, pro se, in the Cuyahoga County Court of Common Pleas (Case No. CV-14-824176) against Nationwide, Cavitch,

---

ruling and will be addressed through the court."

Attorney O'Brien, a paralegal from the Cavitch firm (collectively, the "Cavitch defendants") and the Cleveland Clinic Foundation, South Pointe Hospital and several of their employees (collectively, the "Cleveland Clinic"). Davie alleged that Nationwide, acting through the Cavitch defendants, unlawfully obtained his medical and psychotherapy records in the 2012 lawsuit and that the Cleveland Clinic conspired with Nationwide and the Cavitch defendants to invade his privacy by unlawfully disclosing these records. Although Davie acknowledged that he had executed a release in the 2012 lawsuit authorizing Nationwide to obtain the medical and billing records necessary to determine the value of his uninsured motorist claim in the 2012 lawsuit, he alleged that the records the Cleveland Clinic disclosed to Nationwide exceeded the scope of his authorization and included privileged information regarding his chemical/alcohol dependent status and mental health. Davie also asserted claims of bad faith, breach of fiduciary duty, defamation and unjust enrichment against Nationwide based on its nonpayment of his uninsured motorist claim and litigation of that claim in the 2012 lawsuit.

{¶13} The Cavitch defendants filed counterclaims seeking to have Davie declared a vexatious litigator under R.C. 2323.52 and for frivolous conduct under R.C. 2323.51. The defendants filed motions for summary judgment on Davie's complaint and the Cavitch defendants filed a motion for partial summary judgment on their vexatious litigator claim. In April 2015, the trial court granted summary judgment to all defendants on the claims asserted in Davie's complaint. In June 2015, the trial court denied the

Cavitch defendants' motion for partial summary judgment on their vexatious litigator claim and they voluntarily dismissed their counterclaims without prejudice.

{¶14} In May 2015, Davie appealed, pro se, the granting of the defendants' motions for summary judgment. When Davie filed the appeal, the Cavitch defendants' counterclaims were still pending and the trial court's journal entry granting summary judgment did not include a determination that there was "no just reason for delay." Davie's appeal was dismissed, sua sponte, for lack of a final, appealable order in September 2015.

{¶15} In October 2015, Davie filed a motion with the trial court, requesting that it issue a corrected judgment. The trial court denied the motion as moot.

{¶16} Davie filed a motion to proceed with a prematurely filed appeal or to reinstate the appeal. This court denied the motion on January 6, 2014. Davie then moved for reconsideration or for en banc consideration of the January 6, 2014 order. While Davie's motion was pending, the Cavitch defendants filed a motion pursuant to Loc.App.R. 23(B) to have Davie declared a vexatious litigator and for sanctions. In February 2016, this court denied Davie's motion for reconsideration or en banc consideration and Cavitch's motion to have Davie declared a vexatious litigator.

{¶17} In March 2016, Davie commenced a writ action, seeking to compel the trial judge to issue a final, appealable order. Davie filed another appeal of the trial court's rulings in the 2014 lawsuit, which this court dismissed for lack of jurisdiction. In August

2016, this court denied Davie's application for writs of mandamus and procedendo. *State ex rel. Davie*, 8th Dist. Cuyahoga No. 104205, 2016-Ohio-5420.

**Davie's third lawsuit (the "2015 lawsuit")**

{¶18} In December 29, 2015, Davie filed, pro se, the instant action against Nationwide and Cavitch. Davie sought a declaratory judgment defining the "nature and extent of injuries" under the insurance policy, an award of prejudgment interest, reimbursement of legal fees and an order prohibiting Cavitch from "interfering with" Davie's "contact and communication directly with * * * Nationwide" for the purpose of resolving his uninsured motorist claim. Davie indicated that he sought this relief "in order to receive" the $12,000 settlement offer that Nationwide had made when the 2012 lawsuit was pending "or another negotiated amount."

{¶19} In February 2016, Nationwide and Cavitch filed answers, denying the material allegations of the complaint and raising various affirmative defenses. In addition, Cavitch asserted a counterclaim, seeking to have Davie declared (1) to be a vexatious litigator under R.C. 2323.52 and (2) to have engaged in frivolous conduct under R.C. 2323.51.

{¶20} Davie filed an answer and a motion to dismiss Cavitch's counterclaim pursuant to Civ.R. 12(B)(6). The trial court denied the motion to dismiss on the ground that it was not timely filed under Civ.R. 12(B).

{¶21} In July 2016, Nationwide filed a motion for summary judgment on Davie's complaint, Cavitch filed a motion for judgment on the pleadings, or in the alternative, for

summary judgment on Davie's complaint and Davie filed a motion for summary judgment on Cavitch's counterclaim. In August 2016, Cavitch filed a brief in opposition to Davie's motion and filed its own motion for partial summary judgment on its vexatious litigator claim.

{¶22} In his motion for summary judgment, Davie argued that Cavitch's vexatious litigator and frivolous conduct claims were barred by res judicata because Cavitch had previously asserted the "exact same" claims in the 2014 lawsuit, both at the trial court level and on appeal. He also argued that Cavitch's counterclaims were improper because they were based, in part, on administrative proceedings, actions filed by his wife, actions filed out of state and proceedings in which Davie was represented by counsel that he contended could not be used to support a finding that a party is a vexatious litigator under R.C. 2323.52.

{¶23} In its combined motion for partial summary judgment and opposition to Davie's motion for summary judgment, Cavitch argued that the relevant facts were undisputed and that the four civil lawsuits Davie and his wife had filed relating to the accident, the multiple appeals "spawned" by those civil cases, Davie's "unsuccessful administrative complaints" and his "history of filing baseless suits against others" supported a determination, as a matter of law, that Davie was a vexatious litigator. Cavitch further asserted that Davie's res judicata argument was meritless because it voluntarily dismissed its prior counterclaim without prejudice and its prior counterclaim and motion to have Davie declared a vexatious litigator under App.R. 23(B) did not

include his vexatious conduct in filing the 2015 lawsuit. Davie opposed Cavitch's motion for partial summary judgment.

**{¶24}** In support of its own motion for summary judgment and in opposition to Davie's motion for summary judgment,[4] Cavitch submitted two affidavits from Attorney O'Brien, detailing the history of the Davies' insurance claims, the parties' communications with the ODI and the Davies' litigation relating to the October 2011 accident. Attached to his affidavit were copies of the complaints and certified copies of select journal entries from the Davies' lawsuits relating to the accident, copies of the parties' correspondence with the ODI, a copy of the Ohio Supreme Court's decision in *Cleveland Metro. Bar Assn. v. Davie*, 133 Ohio St.3d 202, 2012-Ohio-4328, 977 N.E.2d 606,[5] and other documents relating to the accident and the Davies' insurance claims. Cavitch also submitted copies of the transcript of the trial and the deposition of Saridakis from the 2012 lawsuit, three affidavits from Martig regarding Nationwide's investigation, handling and negotiation of the Davies' insurance claims, the November 2012 release and

---

[4]The trial court originally scheduled a hearing on the parties' motions for summary judgment on Cavitch's counterclaims. Davie did not appear at the hearing and the hearing was converted into a conference. The parties thereafter agreed that, in lieu of a hearing on the motions, they could submit supplemental affidavits in support of their motions and supplemental briefs responding to the supplemental affidavits submitted by the other party. For ease of discussion and to avoid discussion of duplicative filings by both parties, the summary of the evidence here includes both the evidence originally submitted by the parties and their supplemental submissions.

[5] In *Cleveland Metro. Bar Assn. v. Davie*, 133 Ohio St.3d 202, 2012-Ohio-4328, 977 N.E.2d 606, Davie was sanctioned for the unauthorized practice of law for preparing legal pleadings and motions on behalf of three clients without the supervision of an attorney, filing suit to collect unpaid

an affidavit from Nationwide's manager of personal lines underwriting regarding the Davies' insurance policy.

{¶25} In support of his motion for partial summary judgment and in opposition to Cavitch's motion for summary judgment, Davie submitted two affidavits describing the accident, the injuries he claimed to have sustained in the accident and the lawsuits he filed related to the accidents. In one of his affidavits, he explained why he had filed the 2015 lawsuit as follows:

13. I did not ask for $12,000 in my declaratory judgment filed in this case[;] I merely requested to have the court interpret the definition of the terms "nature and extent of injuries" as included in the policy provisions, and specifically, sought a determination of the scope of the phrase "submit written proof of the claim to us" as it relates to the policies' [sic] definition of showing the "nature and extent of injuries."

14. The vague language in the insurance contract that I friendly [sic] sought to have interpreted by this Honorable Court was unfortunately taken out of context by my insurer and their legal representation.

15. I did not seek any money from the Cavitch law firm[;] I believed based upon the statute that Cavitch intercepted or interfered with all of my communications with my insurance company and was therefore an interested party to the declaratory judgment, so I named them solely for that purpose, and no other. See language of Policy attached to my Declaratory Judgment.

16. I did not intend to harass my insurer or any of its agents that is why I stopped attempting to communicate with them as Mr. Gregory O'Brien told me not to do, and with him being a named party in a separate suit I could not communicate with him either about the medical bills I continued to receive even after Nationwide submitted med pay for my injuries to one of my treatment providers. * * *

fees from two of those clients and representing an inmate at a parole board hearing.

**{¶26}** Referenced within and attached to Davie's affidavits were copies of select medical records, journal entries related to the Cavitch defendants' counterclaims in the 2014 lawsuit, excerpts from the transcript of the trial in the 2012 lawsuit, Cavitch's responses to Davie's requests for admissions, an expert report from Nationwide's medical expert in the 2012 lawsuit and an "expert report" from attorney Jason Ralls, in which he opined that there were "no grounds for which the relief requested for vexatious and frivolous conduct could be granted."

**{¶27}** Cavitch filed a motion to strike attorney Ralls' report on the grounds that the report was not sworn or submitted under oath, did not provide "adequate or sufficient proof" of attorney Ralls' qualifications to testify and "attempt[ed] to usurp the province of the Court" by offering opinions on purely legal issues.

**{¶28}** The trial court granted Cavitch's and Nationwide's motions for summary judgment on plaintiff's complaint and Cavitch's motion to strike Attorney Ralls' report.

**{¶29}** On December 1, 2016, the trial court entered an order (1) denying Davie's motion for summary judgment and granting Cavitch's motion for summary judgment on Cavitch's vexatious litigator claim and (2) granting Davie's motion for summary judgment on Cavitch's frivolous conduct claim.[6]  The trial court concluded that the doctrines of collateral estoppel and res judicata did not bar Cavitch's vexatious litigator

---

[6]The trial court granted summary judgment in favor of Davie on Cavitch's frivolous conduct claim on the grounds that (1) Cavitch raised its frivolous conduct claim by counterclaim instead of by motion and (2) Cavitch's frivolous conduct claim was filed more than 30 days after the entry of final judgment in the prior cases.  Whether the trial court properly granted summary judgment on that claim is not part of this appeal.

claim because (1) there had been no final judgment on the merits on the vexatious litigator claim in the 2014 lawsuit and (2) the Cavitch's defendants' motion to have Davie declared a vexatious litigator on appeal of the 2014 lawsuit did not include his conduct after the appeal was dismissed. The trial court found that there were no genuine issues of material fact and that, based on the evidence presented, Davie had engaged in conduct that "has obviously served merely to harass or maliciously injure Defendant" and "is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law." The trial court further found that Davie had "habitually, persistently, and without reasonable grounds" engaged in such vexatious conduct.

{¶30} Based on its findings, the trial court declared Davie to be a vexatious litigator and entered an order, pursuant to R.C. 2323.52(D)(1), "expressly and indefinitely" prohibiting Davie from (1) instituting legal proceedings, in a pro se capacity, in the court of claims, a court of common pleas, municipal court or county court, (2) continuing any legal proceedings he had instituted in any of those courts prior to entry of the order and (3) making any application (other than an application for leave to proceed) in any legal proceedings instituted by himself or another person in any of those courts, without first obtaining leave from the applicable court.

{¶31} Davie sought and was granted leave to appeal and has raised the following three assignments of error[7] for review:

---

[7]Davie raised five assignments of error in his brief. His fourth and fifth assignments of error

FIRST ASSIGNMENT OF ERROR
The trial court erred by relying on Mr. Donald R. Murphy's * * * conduct an Ohio licensed attorney, as retained by Erica L. Davie in other proceedings to conclude appellant qualified as a vexatious litigator in violation of Civ.R. 56(C), R.C. § 2323.52(A)(3) and due process of law, as guaranteed under the Ohio and U.S. Const.

SECOND ASSIGNMENT OF ERROR
In order to impose sanctions under R.C. § 2323.52, a trial court must identify something more than merely that the plaintiff filed claims that eventually proved to be unsuccessful.

THIRD ASSIGNMENT OF ERROR
The trial court erred by relying on the same conduct, which was previously relied upon by the defendant, the same party in another duplicate summary judgment proceedings decided by Judge Deena Calabrese, which resulted on a May 18, 2016 dismissal with prejudice, and the court erroneously relied upon other conduct previously adjudicated by this appellate court upon the merits resulting in a res judicata bar.

{¶32} For ease of discussion, we address Davie's assignments of error out of order.

**Law and Analysis**

**Standard of Review**

{¶33} We review summary judgment rulings de novo, applying the same standard as the trial court. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). We accord no deference to the trial court's decision and conduct an independent review of the record to determine whether summary judgment is appropriate.

{¶34} Under Civ.R. 56, summary judgment is appropriate when no genuine issue as to any material fact exists and, viewing the evidence most strongly in favor of the

---

have been stricken because they did not seek relief from a final, appealable order.

nonmoving party, reasonable minds can reach only one conclusion that is adverse to the nonmoving party, entitling the moving party to judgment as a matter of law.

{¶35} On a motion for summary judgment, the moving party carries an initial burden of identifying specific facts in the record that demonstrate his or her entitlement to summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). If the moving party fails to meet this burden, summary judgment is not appropriate; if the moving party meets this burden, the nonmoving party has the reciprocal burden to point to evidence of specific facts in the record demonstrating the existence of a genuine issue of material fact for trial. *Id.* at 293. Summary judgment is appropriate if the nonmoving party fails to meet this burden. *Id.*

### Ohio's Vexatious Litigator Statute

{¶36} Ohio's vexatious litigator statute, R.C. 2323.52, allows a person who has "defended against habitual and persistent vexatious conduct" to ask a trial court to declare the person who engaged in that conduct a vexatious litigator. R.C. 2323.52(B). An action to declare a person a vexatious litigation may be brought while the civil action or actions in which the habitual and persistent vexatious conduct occurred are still pending or within one year after the termination of the civil action or actions in which the habitual and persistent vexatious conduct occurred. *Id.* A civil action to have a person declared a vexatious litigator proceeds "as any other civil action." R.C. 2323.52(C).

{¶37} To declare a person a "vexatious litigator," it must be found that the person

has habitually, persistently, and without reasonable grounds engaged in vexatious conduct in a civil action or actions, whether in the court of claims

or in a court of appeals, court of common pleas, municipal court, or county court, whether the person or another person instituted the civil action or actions, and whether the vexatious conduct was against the same party or against different parties in the civil action or actions. * * *

R.C. 2323.52(A)(3).

{¶38} "Vexatious conduct" is conduct of a party in a civil action that (1) obviously serves merely to harass or maliciously injure another party to the civil action, (2) is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification or reversal of existing law or (3) is imposed solely for delay. R.C. 2323.52(A)(2)(a)-(c). "Conduct" includes "[t]he filing of a civil action, the assertion of a claim, defense, or other position in connection with a civil action, the filing of a pleading, motion, or other paper in a civil action, including, but not limited to, a motion or paper filed for discovery purposes, or the taking of any other action in connection with a civil action." R.C. 2323.52(A)(1); 2323.51(A)(1)(a).

{¶39} As the Ohio Supreme Court explained in *Mayer v. Bristow*, 91 Ohio St.3d 3, 740 N.E.2d 656 (2000):

> "The purpose of the vexatious litigator statute is clear. It seeks to prevent abuse of the system by those persons who persistently and habitually file lawsuits without reasonable grounds and/or otherwise engage in frivolous conduct in the trial courts of this state. Such conduct clogs the court dockets, results in increased costs, and oftentimes is a waste of judicial resources — resources that are supported by the taxpayers of this state. The unreasonable burden placed upon courts by such baseless litigation prevents the speedy consideration of proper litigation."

*Id.* at 13, quoting *Cent. Ohio Transit Auth. v. Timson*, 132 Ohio App.3d 41, 50, 724 N.E.2d 458 (10th Dist.1998). "It is patently unfair and unreasonable that any person

should be continually forced to defend against, and the court system should be forced to handle, the same unwarranted complaint that cannot be supported by any recognizable good-faith argument." *Hull v. Sawchyn*, 145 Ohio App.3d 193, 197, 762 N.E.2d 416 (8th Dist.2001).

**{¶40}** It is the "'nature of the conduct, not the number of actions,'" that determines whether a person is a "vexatious litigator." *Prime Equip. Group*, *Inc*. *v. Schmidt,* 2016-Ohio-3472, 66 N.E.3d 305, ¶ 40 (10th Dist.), quoting *Borger v. McErlane*, 1st Dist. Hamilton No. 010262, 2001-Ohio-4030. "Whether undertaken in an array of cases or in a single action, the consistent repetition of arguments and legal theories that have been rejected by the court numerous times can constitute vexatious litigation." *Prime Equip. Group* at ¶ 40.

**{¶41}** In determining whether a party is a vexatious litigator, the trial court may consider the party's conduct in other, older cases as well as his or her conduct in the case in which the vexatious litigator claim is brought. *See, e.g., Catudal v. Netcare Corp.*, 10th Dist. Franklin No. 15AP-133, 2015-Ohio-4044, ¶ 8; *see also Prime Equip. Group*, 2016-Ohio-3472, 66 N.E.3d 305, at ¶ 20 (finding no "restriction" on the trial court's reliance on conduct occurring in cases that terminated more than one year before plaintiff filed its vexatious litigator complaint in determining that party was a vexatious litigator); *Buoscio v. Macejko*, 7th Dist. Mahoning No. 00-CA-00138, 2003-Ohio-689, ¶ 33 ("Under R.C. 2323.52(A)(3), a person's behavior in prior civil actions can also form the basis for declaring him a vexatious litigator."); *Georgeadis v. Dials*, 10th Dist. Franklin No.

99AP-232, 1999 Ohio App. LEXIS 5848, *9-*10 (Dec. 9, 1999) (affirming trial court's decision to declare appellant a vexatious litigator where her vexatious conduct was demonstrated by her actions in both the current action and prior actions).

{¶42} Where a vexatious litigator claim is based on conduct in multiple cases, the party bringing the vexatious litigator claim need not have been a party to all of the cases relied upon which they rely.   A vexatious litigator claim may be supported by evidence of the alleged vexatious litigator's vexatious conduct in other actions to which the person bringing the vexatious litigator claim was not a party.   *See, e.g., Prime Equip. Group*, 2016-Ohio-3472, 66 N.E.3d 305, at ¶ 19; R.C. 2323.52(A)(3) (indicating that a vexatious litigation claim may be based on "conduct * * * against the same party or against different parties in the civil action or actions"); *Ealy*, 2007-Ohio-4080 (evidence of multiple prior court actions instituted by a city commission meeting participant against various city and county employees, all which were found to lack any basis, supported the determination that meeting participant had engaged in "vexatious conduct" under R.C. 2323.52(A)(2) and was a vexatious litigator under R.C. 2323.52(A)(3)).

{¶43} Summary judgment can be an "appropriate means" of resolving a claim that a party is a vexatious litigator.   *Prime Equip. Group, Inc. v. Schmidt*, 2016-Ohio-3472, 66 N.E.3d 305, ¶ 11 (10th Dist.); *Ealy v. McLin*, 2d Dist. Montgomery No. 21934, 2007-Ohio-4080   (trial court properly granted summary judgment to city and mayor on vexatious litigator counterclaim where there were no genuine issues of material fact regarding whether city commission meeting participant habitually, persistently and

without reasonable grounds had engaged in vexatious conduct in the several meritless civil actions he had filed against various city and county employees). However, "[t]here must remain no genuine issue of material fact * * * regarding the nature of the defendant's conduct and its impact on the cases involved, and the [moving party] must submit appropriate evidence complying with Civ.R. 56." *Prime Equip. Group* at ¶ 11. Where reasonable minds could disagree as to these or other factual issues, summary judgment on a vexatious litigator claim is inappropriate. *See, e.g., Conley v. Smith*, 5th Dist. Stark No. 2004CA00285, 2005-Ohio-1433, ¶ 27-28 (where the issues between the parties are "factually intense" and "lead to the necessity of different interpretations of the facts," the trial court did not err in denying motion for summary judgment on vexatious litigator claimed but erred in not proceeding with a trial on the matter per the civil rules); *Mansour v. Croushore*, 12th Dist. Butler Nos. CA2008-07-161 and CA2008-07-170, 2009-Ohio-2627, ¶ 50 (trial court did not err in refusing to grant summary judgment on vexatious litigator claim).

{¶44} "Declaring a plaintiff to be a vexatious litigator is 'an extreme measure' that should be granted only 'when there is no nexus' between 'the filings made by the plaintiff[] and [his or her] 'intended claims.'" *Id.*, quoting *McClure v. Fischer Attached Homes*, 145 Ohio Misc.2d 38, 2007-Ohio-7259, 882 N.E.2d 61, ¶ 33; *Helfrich v. Madison*, 5th Dist. Licking No. 11 CA 26, 2012-Ohio-551, ¶ 60.

**Res Judicata**

{¶45} For ease of discussion, we address Davie's third assignment of error first. In his third assignment of error, Davie contends that the trial court erred in concluding that Cavitch's vexatious litigator claim was not barred by res judicata. Davie contends that the trial court "overlooked" the trial court's May 18, 2016 order[8] in the 2014 lawsuit and this order constituted a dismissal with prejudice of Cavitch's vexatious litigator claim. Davie also contends that because this court denied the Cavitch defendants'

---

[8]A copy of the trial court's May 18, 2016 order from the 2014 lawsuit is not included in the record on appeal and, therefore, is not properly considered by this court. Although Davie purports to attach a copy of the order as Exhibit F to his "supplement to [brief in opposition] and motion for summary judgment," Exhibit F, as it appears in the record, is blank. Even if we were to consider the order, however, it would not change the result here. Based on the online docket for the 2014 lawsuit, it appears that the trial court's May 18, 2016 order states:

> 89 Dis. w/prej - Final
> The court's 6/15/15 order was final.
> Court costs assessed to the plaintiff(s).
> Pursuant to Civ.R. 58(B, the clerk of courts is directed to serve this judgment in a manner prescribed by Civ. R. 5(B). The clerk must indicate on the docket the names and addresses of all parties, the method of service, and the costs associated with this service. Notice issued.

The trial court's June 15, 2015 order referenced therein — a copy of which is in the record — states:

> 87 Dis. w/o prej - Final
> Cavitch defendants filed a notice of voluntary dismissal of their counterclaim on 6/12/15. No pending claims remain. Court costs assessed to the plaintiff(s). Pursuant to Civ.R. 58(B), the clerk of courts is directed to serve this judgment in a manner prescribed by Civ. R. 5(B). The clerk must indicate on the docket the names and addresses of all parties, the method of service, and the costs associated with this service. Notice issued.

As this court previously explained, the Cavitch defendants' Civ.R. 41(A) voluntary dismissal without prejudice of their counterclaim on June 12, 2015, was "self-executing, resolved the remaining claims, and made the orders previously appealed from final, appealable orders." *State ex rel. Davie*, 8th

motion to have Davie declared a vexatious litigator during his appeal of the 2014 lawsuit, the trial court's reliance on Davie's "appeal conduct" in determining that he was a vexatious litigator was "erroneous" and barred by res judicata. We disagree.

{¶46} The doctrine of res judicata encompasses two related concepts (1) claim preclusion or estoppel by judgment — precluding parties from rearguing claims that were litigated in a prior suit — and issue preclusion or collateral estoppel — precluding parties from rearguing issues that were previously litigated. _Under the doctrine of res judicata, "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 653 N.E.2d 226, syllabus. In addition, a fact or issue that "'was actually and directly at issue in a previous action, and was passed upon and determined by a court of competent jurisdiction, may not be drawn into question in a subsequent action between the same parties or their privies'" regardless of whether the claims involved in the actions were the same or different. *Powell v. Wal-Mart Stores Inc.*, 8th Dist. Cuyahoga No. 101662, 2015-Ohio-2035, ¶ 13, quoting *Fort Frye Teachers Assn., OEA/NEA v. State Emp. Relations Bd.*, 81 Ohio St.3d 392, 395, 692 N.E.2d 140 (1998). "[A]n existing final judgment or decree between the parties to litigation is conclusive as to all claims which were or might have been litigated in a first lawsuit." *Rogers v. Whitehall*, 25 Ohio St.3d 67, 69, 494 N.E.2d 1387 (1986)

Dist. Cuyahoga No. 104205, 2016-Ohio-5420, ¶ 5, 15.

**{¶47}** Claim preclusion applies where: (1) there is a prior valid, final decision on the merits by a court of competent jurisdiction; (2) the present action involves the same parties or their privies as the first action; (3) the present action raises claims that were or could have been litigated in the prior action and (4) both actions arise out of the same transaction or occurrence. *See, e.g., Jensen v. Blvd. Invests. Ltd.*, 8th Dist. Cuyahoga No. 103658, 2016-Ohio-5325, ¶ 13; *State ex rel. Marcum v. Florence Twp.*, 6th Dist. Erie No. E-16-029, 2017-Ohio-6916, ¶ 11.

**{¶48}** Issue preclusion applies where: (1) the party against whom estoppel is sought was a party or in privity with a party to the prior action; (2) there was a final judgment on the merits in the prior action after a full and fair opportunity to litigate the issue; (3) the issue was necessary to the final judgment in the prior action and (4) the issue in the prior action is identical to the issue in the subsequent action. *See, e.g., Lewis v. Cleveland*, 8th Dist. Cuyahoga No. 95110, 2011-Ohio-347, ¶ 13.

**{¶49}** In this case, Cavitch's vexatious litigator claim was not the subject of a prior, final judgment or decree rendered upon the merits. Contrary to Davie's assertion, there was no "dismissal with prejudice" of Cavitch's vexatious litigator claim in the 2014 lawsuit. The trial court denied the Cavitch defendants' motion for partial summary judgment on its vexatious litigator claim. The Cavitch defendants then voluntarily dismissed that claim without prejudice pursuant to Civ.R. 41(A).

**{¶50}** The denial of summary judgment is not an adjudication of the merits; it is an interlocutory order demonstrating that material issues of fact remain that preclude

judgment as a matter of law. *Kiefer v. Mark Domo, D.D.S., Inc.*, 8th Dist. Cuyahoga No. 86262, 2006-Ohio-445, ¶ 8. Likewise, an initial voluntary dismissal without prejudice pursuant to Civ. R. 41(A) is not an adjudication on the merits. Civ.R. 41(A); *Hensley v. Henry*, 61 Ohio St.2d 277, 279, 400 N.E.2d 1352 (1980) (Under Civ.R. 41(A)(1), a plaintiff's notice of dismissal does not operate "as an adjudication upon the merits" where the plaintiff has not previously dismissed an action based on the same claim and the notice of dismissal "did not 'otherwise' state that it should so operate."). Therefore, there was no final judgment on the merits as to that claim in the 2014 lawsuit.

**{¶51}** Furthermore, Davie's alleged vexatious conduct in filing the 2015 lawsuit, which occurred after the Cavitch defendants voluntarily dismissed their vexatious litigator counterclaim in the 2014 lawsuit, was not part of that claim. The vexatious litigator counterclaim Cavitch asserted in the 2015 lawsuit was not and could not have been litigated in the prior action and did not involve the "exact same" claim or issue as the prior action. *Mansour*, 2009-Ohio-2627, at ¶ 46 (where vexatious litigator claim was based on plaintiff's actions in bringing current action as well as other claims he had brought in the past, trial court erred in dismissing vexatious litigator claim on the ground that it should have been brought in prior action and was, therefore, barred by res judicata).

**{¶52}** Loc.App.R. 23(B) applies to appeals and original actions filed in this court. Under Loc.App.R. 23(B), if a party habitually, persistently and without reasonable cause engages in frivolous conduct in proceedings before this court, the court may, sua sponte

or on motion by a party, find the party to be a vexatious litigator and may impose filing restrictions on that party. An appeal or original action is frivolous if it is "not reasonably well-grounded in fact, or warranted by existing law, or by a good faith argument for the extension modification, or reversal of existing law." Loc.App.R. 23(A).

{¶53} Simply because this court in the 2014 lawsuit denied Cavitch's request to have Davie declared a vexatious litigator based on his conduct before this court does not mean a trial court could not subsequently determine that Davie's conduct in "a civil action or actions," taken as a whole, constituted habitual and persistent vexatious conduct under R.C. 2323.52(A)(3). Davie's third assignment of error is overruled.

**Scope of Conduct Considered under R.C. 2323.52**

{¶54} We next address Davie's first assignment of error. In his first assignment of error, Davie argues that the trial court erred in considering the 2013 lawsuit in determining whether he was a vexatious litigator. We agree.

{¶55} The 2013 lawsuit was filed by Attorney Murphy on behalf of Davie's wife, Erica. Davie was not a party to that lawsuit. Although Cavtich contends that Davie was the "driving force" behind the 2013 lawsuit, we find nothing in the record to support that contention. Simply because (1) Davie called Erica and Attorney Murphy as witnesses in his first lawsuit, (2) Attorney Murphy originally represented the Davies in negotiating their uninsured motorist claims and notarized the Davies' signatures on the 2012 release and (3) Davie received referrals of paralegal work from Attorney Murphy does not establish that Davie was "calling the shots" or otherwise responsible for any

actions taken with respect to the 2013 lawsuit. Davie's first assignment of error is sustained.

**Trial Court's Determination on Summary Judgment that Davie is a Vexatious Litigator**

**{¶56}** Having disposed of the preliminary issues, we now examine the evidence presented of Davie's conduct in his prior lawsuits and the current action[9] to determine whether the trial court erred in granting summary judgment in favor of Cavitch on its vexatious litigator claim.

**{¶57}** In his second assignment of error, Davie contends that the evidence did not support the trial court's decision to enter summary judgment in favor of Cavitch on its vexatious litigator claim and that the trial court's order declaring him to be a vexatious litigator should be overturned. Cavitch asserts that Davie's "multiple and redundant claims, suits and appeals," as detailed above, support the trial court's decision to grant summary judgment to Cavitch on its vexatious litigator claim.

**{¶58}** Davie appears to be under the impression that the trial court's decision to declare him a vexatious litigator was based solely or primarily on three unsuccessful motions to compel he filed in the 2012 lawsuit. His argument, therefore, centers on these motions. He asserts that the three discovery motions he filed in the 2012 lawsuit

---

[9] The trial court did not consider Davie's ODI complaint in determining whether he was a vexatious litigator, citing *Carr v. Riddle,* 136 Ohio App.3d 700, 704, 736 N.E.2d 976 (8th Dist.2000). Even if we were to consider Davie's ODI complaint, it would not change the result here.

were each "directed at a separate set of issues and defendants" and that his lack of success on those motions did not render his conduct "vexatious" as a matter of law.

{¶59} In its opinion, the trial court referenced Davie's filing of "three separate motions to compel discovery of privileged documents, all of which were denied by the trial court," as one of the examples of Davie's conduct "before, during, and after his lawsuits" that Cavitch contended constituted vexatious conduct. However, the trial court did not indicate that its decision to grant summary judgment and declare Davie a vexatious litigator was based in whole or in part on the filing of those motions.

{¶60} In its opinion, the trial court provided a general overview of the three prior lawsuits and the instant action, identifying the claims asserted in those actions, the dispositive motions filed in the actions and how the matters were resolved both at the trial court level and on appeal. However, the trial court did not explain, specifically, what facts or conduct led it to conclude that Davie had "habitually, persistently, and without reasonable grounds engaged in vexatious conduct" under R.C. 2323.52.

{¶61} Although Davie may have had a good faith basis for filing the 2012 lawsuit, we agree with the trial court that, given this court's affirmance of the trial court's decision in the 2012 lawsuit, Davie's action in filing the instant lawsuit against Nationwide and Cavitch (i.e., seeking to relitigate or to revive settlement discussions on a claim as to which judgment had previously been rendered against him) was not warranted under existing law and could not be supported by a good faith argument for an extension, modification or reversal of existing law. Accordingly, the trial court did not err in

concluding, as a matter of law, that Davie engaged in vexatious conduct as defined in R.C. 2323.52(A)(2).[10]

**{¶62}** However, for a person to be declared a vexatious litigator under R.C. 2323.52, it must also be proven that the person "habitually, persistently and without reasonable grounds" engaged in vexatious conduct. Thus, to prevail on its summary judgment motion, Cavitch also needed to establish, that based on the undisputed facts, a reasonable person could only find that when Davie filed the 2015 lawsuit against Cavitch and Nationwide, he was acting persistently, without reasonable grounds and in conformity with a habit of engaging in vexatious conduct.

**{¶63}** *Webster's Third New International Dictionary* defines "habitual," in relevant part, as "of the nature of a habit; according to habit; established by or repeated by force of habit" or "doing, practicing, or acting in some matter by force of habit; customarily doing a certain thing." *Webster's Third New International Dictionary* 1017 (1993). "Persistent" is defined, in relevant part, as "continuing in a course of action without regard to opposition or previous failure; tenacious of position or purpose." *Id.* at 1686.

**{¶64}** Cavitch asserts that Davie's conduct in filing "multiple actions based on the same arguments previously deemed to lack merit" is sufficient evidence of "habitual"

---

[10] Because we find that Davie engaged in conduct that was not warranted under existing law and could not be supported by a good faith argument for an extension, modification or reversal of existing law, we do not consider whether the trial court also properly determined on summary judgment that Davie engaged in conduct that obviously served merely to harass or maliciously injure another party to the civil action.

and "persistent" vexatious conduct to support the trial court's decision to declare him a vexatious litigator on summary judgment. However, the cases Cavitch cites in support of that proposition are distinguishable from this case. In *State ex rel. McGrath v. McClelland*, 8th Dist. Cuyahoga No. 97209, 2012-Ohio-157, the court declared the relator a vexatious litigator pursuant to Loc.App.R. 23(B) where he filed two unsuccessful original actions based on the claim that his sentence was defective and "ha[d] continually taxed the limited resources of [the appellate court] through the filing of 23 appeals and 13 original actions over the past 10 years." *Id.* at ¶ 6. In *State v. Henderson*, 8th Dist. Cuyahoga No. 100374, 2014-Ohio-2274, the court declared the appellant a vexatious litigator under Loc.App.R. 23 where the defendant trice attempted to litigate the same arguments and had filed ten prior appeals and eighteen prior original actions — a number of which were not reasonably grounded in fact or warranted by existing law. *Id.* at ¶ 8-9. In *Easterling v. Union Sav. Bank*, 2d Dist. Greene No. 2012-CA-52, 2013-Ohio-1068, a party was declared a vexatious litigant where he acknowledged filing four identical, pro se, lawsuits against his former employer. *Id.* at ¶ 2, 14-17. In *Helfrich*, 2012-Ohio-551, at ¶ 15-17, 61, and *Farley v. Farley*, 10th Dist. Franklin No. 02AP-1046, 2003-Ohio-3185, the vexatious litigator claim was not decided on summary judgment.

{¶65} Following a thorough review of the record, viewing the evidence in the light most favorable to Davie — as we are required to do — we cannot say that the only reasonable conclusion that could be drawn from the facts is that Davie "habitually, persistently and without reasonable grounds" engaged in vexatious conduct.

{¶66} The record reflects that, during the course of the three lawsuits and appeals, Davie has, at times, filed pleadings and motions reraising arguments that had been previously rejected by the court or that were otherwise unnecessary or nonmeritorious.

{¶67} A careful review of the 2012, 2014 and 2015 lawsuits shows that they were not all, as Cavitch contends, "against essentially the same defendants based on the same facts and asserting the same general claims."    Although there is certainly some overlap between the parties sued and the claims asserted in the three lawsuits and although all three lawsuits in some way arose out of the October 2011 accident, the 2014 lawsuit focused on the alleged unauthorized disclosure of Davie's medical information, i.e., Davie's claim that, in response to a subpoena issued in the 2012 lawsuit, his medical providers improperly disclosed and Nationwide improperly obtained that medical records that were beyond the scope of the medical authorization and release he provided.

{¶68} Davie's multiple appeals, original action and motions on appeal in the 2014 lawsuit appear to have resulted from Davie's lack of understanding regarding what constitutes a final, appealable order and when the ruling he sought to challenge became a final, appealable order. *See State ex rel. Davie*, 8th Dist. Cuyahoga No. 104205, 2016-Ohio-5420.

{¶69} Although certain of Davie's filings may have been frivolous, whether a party has engaged in frivolous conduct is a separate inquiry from whether that party is a vexatious litigator. *Prime Equip. Group,* 2016-Ohio-3472, 66 N.E.3d 305, at ¶ 21. Where a party engages in frivolous conduct, sanctions can be imposed to provide redress

for such conduct in the case at issue regardless of whether the party meets the definition of a vexatious litigator under R.C. 2323.52.

{¶70} Because we conclude that, based on the record before us, reasonable minds could disagree as to whether Davie "habitually, persistently, and without reasonable grounds engaged in vexatious conduct," Cavitch's vexatious litigator claim must be resolved at trial, not on summary judgment.

{¶71} Davie's second assignment of error is sustained.

{¶72} Judgment reversed; case remanded for further proceedings.

It is ordered that appellant recover from appellee the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, PRESIDING JUDGE

MARY EILEEN KILBANE, J., and
FRANK D. CELEBREZZE, JR., J., CONCUR